## BEEM v. McKUSICK.

Where W., in consideration of $1500, made a deed to B. to an undivided interest in certain mining-claims, with the following condition of payment: "The said J. Beem, of the second part, shall pay to the said Emmons White, of the first part, all the dividend that shall at any and all times be declared to one-twelfth of said claims; also, all the proceeds of his wages due him for labor in said claims, after receiving ten dollars per week for his own support, until the amount paid shall equal the sum of fifteen hundred dollars, with interest, mentioned above—then this bill of sale shall be given unto the said J. Beem by him who may have it in possession, thereby giving unto the said J. Beem full possession and control of said property mentioned in this bill of sale:" *Held*, that B was bound to contribute his labor on the claims until his labor (less ten dollars per week reserved) and the proceeds of the claim equaled the price to be paid: *Further held*, that the deed was but an escrow in the hands of McKusick, and B. was entitled to nothing more than a delivery of it, and was only entitled to this on a strict compliance with the stipulations of the contract on his part.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

This was an action to recover the possession of an undivided interest in several mining-claims. The contract or instrument of writing under which the plaintiff claims, together with the facts sufficient to explain the same, are set forth in the opinion of the Court. Plaintiff had judgment, and the defendant appealed.

*Tuttle and Hillyer* for Appellant.

*B. F. Myers* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

Some serious difficulties, of a technical character, stand in the way of the recovery of the plaintiff below upon his own statement of his case; but as we are desired to pass upon the merits, we waive an examination of mere matters of remedy.

The basis of the plaintiff's (respondent's) claim, is the following instrument, and an alleged performance of its terms:

"Know all men by these presents, that I, Emmons White, of Grizzly Flat, Placer county, State of California, of the first part, for and in consideration of the sum of fifteen hundred dollars, to be paid to me in the manner hereafter described in or accompanying this bill of sale, by J. Beem, of Grizzly Flat, Placer county, State of California, of the second part, have bargained and sold, and do by these presents grant and convey, unto the party of the second part, one-twelfth of fourteen claims situated on Grizzly Flat, Placer county, State of California, and known as the Clinton Company's claim ; also, one-twelfth of all the tools,

cars, and appurtenances belonging unto said claims, to have and hold the same unto said party of the second part, his heirs, etc., forever.

"And I do, for myself, my heirs, etc., covenant and agree to and with the said party of the second part, his heirs, etc., to warrant and defend the sale of said property hereby made unto said party of the second part, his heirs, etc., against all and every person and persons forever.

"In witness whereof, I have hereunto set my hand and seal this the twenty-third day of June, one thousand eight hundred and fifty-six.

"EMMONS WHITE, [L. S.]

"Signed, sealed, and delivered in the presence of H. J. McKusick.

"Now the condition of this bill of sale, written on the opposite side of this paper, is such that if the said J. Beem shall well and truly pay unto the said Emmons White, his agent, attorney, or assignee, the sum of fifteen hundred dollars mentioned in this bill of sale, with interest at one per cent. per month from the date of said bill of sale, in the following manner here described, viz.:

"The said J. Beem, of the second part, shall pay to the said Emmons White, of the first part, all the dividend that shall, at any and all times, be declared to one-twelfth of said claims; also, all the proceeds of his wages due him for labor in said claims, after reserving ten dollars per month for his own support, until the amount paid shall equal the sum of fifteen hundred dollars, with interest as mentioned above—then this bill of sale shall be given unto the said J. Beem by him who may have it in possession, thereby giving unto the said J. Beem full possession and control of said property mentioned in this bill of sale.

"In witness whereof, we have hereunto set my [our] hand and seal this the twenty-third day of June, one thousand eight hundred and fifty-six.

"EMMONS WHITE, [L. S.]
"J. BEEM. [L. S.]

"Signed, sealed, and delivered in the presence of H. J. McKusick."

The plaintiff worked for only a short time on the claim, entitling himself to a credit of some twenty-four dollars, paid from his wages, and abandoned further work on the claim, nor did he work elsewhere and pay his wages (less the amount to be reserved, $10 per month) towards the liquidation of the $1500. But the claims were worked by the parties in possession of the claim, and the proceeds coming to the share transferred amounted to more than $1500. No delivery was made of the paper by the custodian therein named. The claim was sold to McKusick, the holder of the paper, subsequently.

There was some evidence of a demand on the plaintiff to work, and notice of a rescission of this agreement, prior to the sale to McKusick. But it is unnecessary to consider this point in the view we have taken of the case.

The deed or bill of sale was but an escrow in the hands of McKusick, and the plaintiff was entitled to nothing more than a delivery of it—the deed taking effect from the delivery—and was only entitled to this on a strict compliance with the stipulations of the contract on his part. The question arises, what were these? It is contended by the respondent's counsel that he was not bound to contribute his labor on this claim at all; that the proceeds of his labor were but one means of paying the purchase-money, and if it was paid in any other way, it was well enough. But we can not think so. We think this agreement contains conclusive evidence of a contrary understanding. If all that was meant by this elaborate provision of the modes of payment, was, that the claim should be paid for generally, or out of the dividends of this share of the stock whensoever they should be received, and when so paid, the deed should take effect, why say anything about the labor or wages of the plaintiff? The contract—a very silly one—would be complete, according to this view of it, by a few simple words, declaring that White had sold to Beem his claim, and warranted the title. Beem was not to pay anything, except out of the claim, but the claim should pay for itself; in other words, White should give Beem the claim, if it was worth anything; for no limitation seems affixed to the period when the claim is to be paid for. The words, then, "the said Beem shall pay the said White all the proceeds of his wages and hire *for labor in said claims* after reserving ten dollars per week for his own support *until* the amount paid shall, together with the dividends, etc., equal the sum of $1500, with interest," can only be considered as a covenant by Beem with White to work on the claims until his labor (less the $10 per week reserved,) and the proceeds of the share equaled the price to be paid. And so Beem seems to have considered; for he entered on the work and worked for some weeks, appropriating, in this way, the proceeds of his labor. Courts will always give a reasonable interpretation to contracts when the words justify it. Here, they compel it. For the labor—or the wages for it—on the claims was to be continuous *until* those wages, together with the dividends, made up the price. The reason is just as plain. White did not go through all this elaborate, though not very artistic composition, for the purpose of making a present of his share to Beem, and warranting the title for nothing. He seems throughout to have been especially studious of his own interest, though somewhat awkward in this experiment at conveyancing. He was willing to sell, on certain terms, on credit to Beem; but he desired Beem to risk something, too. The claims were not worth anything

unless worked : Beem was to put in his labor; White was to risk the claim.   If the claim was worth nothing, White would get nothing, and Beem would lose his labor or wages.   If it was valuable, Beem could get it by putting in his labor and getting the proceeds or dividends of the claim.   It is true, it happened that the dividends of the share alone were sufficient to pay the $1500, but if Beem had put in his wages, White could have got his money sooner.   But as he did not choose to take the risk, he can not be permitted to take the profit.   Whether White is injured or not, is immaterial ; that was the bargain, and that the only condition whereby Beem could acquire title.   He has not complied, but refused to comply, and White had a right to hold the contract void.   McKusick occupied as good, but no better, position than White.   But that is sufficient to enable him to defeat this action.

The judgment is reversed.