STRAIN v. BABB.

1. The provision of the *Code* (§ 123) that an action may be brought on a claim against one deceased within one year after the grant of administration, applies only to those cases where the statute commenced to run in the life-time of decedent, and the statutory period has expired before administration taken.

2. Action to recover from a clerk of court and his sureties, damages sus-

tained by plaintiff through the neglect of the clerk to enroll a judgment in November, 1880, is an action on his official bond, and this not being a bond "for the payment of money only," the time within which action may be brought against principal and sureties is twenty years. *Code,* § 111.

3. This case distinguished from *State* v. *Lake, ante,* 43, which involved a transaction governed by a prior and different law.
4. Where a senior lien loses its rank through the clerk's neglect to enroll it, the measure of damages is the amount lost to plaintiff through such neglect, and this depends upon the amount of the lien so postponed, and of the junior liens, and the value of the debtor's property.
5. The judgment in an action on an official bond should be for the penalty and stand open for the benefit of all who may show that they have been injured thereunder.
6. The demand for judgment does not give character to the action. The plaintiff is entitled to such relief as the facts stated in his complaint will warrant.

Before KERSHAW, J., Laurens, September, 1888.

The opinion fully states the case.

*Messrs. F. P. McGowan* and *W. H. Martin,* for appellant.

*Messrs. N. B. Dial, Ferguson & Featherstone,* and *Ball & Watts,* contra.

March 13, 1889.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The plaintiff, appellant, Elizabeth Strain, some time previous to November, 1880, obtained a decree against John T. McGowan for $1,000, which, on November 5, 1880, was handed to M. E. Babb, the then clerk of the Court of Common Pleas for Laurens County, to be by him disposed of according to law.   This decree seems to have been marked "filed" by the said Babb, but nothing more was done. It was not enrolled nor entered in the book of abstract of judgments, nor indexed, and it was found by the successor of Babb in 1885 in an old desk in the office, who then enrolled it, &c. In the meantime Babb died, and the defendant, Martha M. Babb, his widow, administered upon his estate.   In the meantime, also, several judgments were obtained against McGowan, and one or two mortgages were executed by him, covering his real estate,

which mortgages and judgments, it is alleged, swept away his property with prior liens to Mrs. Strain's decree, because of the fact that her decree had not been entered, as above mentioned.

The action below was brought against Mrs. Babb as administratrix, and the surviving sureties on the official bond of M. E. Babb, claiming to hold them responsible for the alleged neglect of duty of the said M. E. Babb, as clerk, in not properly entering, &c., the decree aforesaid, the plaintiffs demanding in their complaint judgment for the breach of the bond and for the sum of one thousand dollars, with interest thereon from November 5, 1880, and interest at 7 per cent. and costs. The defendants interposed and relied mainly upon the statute of limitations, alleging in their answers that more than six years had elapsed since the cause of action accrued, to wit, since November 5, 1880, the day that the decree was delivered to Babb, the clerk, and marked by him "filed." His honor, the Circuit Judge, charged the jury as to the neglect of duty on the part of the clerk, and also as to the damages incurred. And he ruled as matter of law, that the cause of action was not the official bond of the clerk, but it was the neglect of duty on his part, and therefore that the limitation within which such an action should be brought was six years, instead of that applicable to certain bonds to be mentioned hereafter. The cause of action accrued on November 5, 1880, and the action was brought in July, 1887—six years and some eight months after the accrual of the right. Such being the admitted facts as to these dates, his honor ruled that the action was completely barred as to the defendant's sureties on the official bond ; but as to the administratrix, Babb having died, this event suspended the statute for nine months, and consequently it did not protect her as the administratrix.

The jury found for the plaintiffs $1,549, the amount of the decree with interest from November 5, 1880, against the defendant, Mrs. Babb, administratrix. The "Brief" does not state whether the verdict mentioned the sureties or not. The notice of appeal, however, of plaintiffs' attorneys refers to the judgment entered up in favor of the sureties, and we suppose, therefore, the jury found for these defendants.

After the finding of the jury, upon a motion being made for a

new trial by attorneys of Mrs. Babb, administratrix, his honor set aside the verdict and granted the motion for a new trial, on account of misdirection in his charge, as he conceived, to wit, that nine months should be added to the six years on account of the death of Babb, his honor holding that section 123 of the Code had repealed this provision in so far as the case before the court was concerned, which section he had overlooked in his charge.

From this order, and from the judgment entered in favor of the sureties, the plaintiffs have appealed, on the ground of error alleged in granting the new trial for the reason stated, and in holding that the cause of action was the neglect of duty, and not the breach of the official bond, and therefore the action was barred both against the sureties and the administratrix— six years having clearly elapsed since November 5, 1880, the day on which the neglect of duty occurred. The defendant administratrix gave notice that if the order of new trial could not be sustained on the ground upon which it was granted by the judge, she would seek to sustain it on other grounds, to be noticed hereafter if necessary.

Now, we think the fundamental error in the case was the ruling of his honor that the official bond of the clerk was not the cause of the action, but that the neglect of duty, independent of the breach of the bond, was the cause. If his honor had been correct in this ruling, then his subsequent holding as to the statute, we think, would have been correct as to the sureties, and also his ruling in the first instance as to the suspension of the statute for nine months after administration granted, on account of the death of the clerk. We do not think, however, that section 123 of the Code has any application to the facts of this case. That section, in our opinion, applies only to those cases where no administration is taken out until after the expiration of the statutory period, the statute having commenced in the life-time of the decedent. But if his honor was in error in holding that the breach of the bond was not the cause of action, and that the neglect of duty was alone the cause, then the question would be as to the character of the bond and the limitation prescribed by the statute as to such bonds.

If the action was brought simply for the neglect of duty on the

part of the clerk, the defendant's sureties need not and could not legally have been made parties. They were guilty of no neglect of duty in failing to have the decree of the plaintiffs properly entered in the abstract of judgments. They did not hold the office of clerk, nor was it in any sense their duty to see to the enrolment of decrees and judgments, or otherwise attending to the duties belonging to said office. They were responsible only on their contract or bond given as a guaranty that the clerk would properly discharge his duty. Our understanding of the law in such cases is this: the law imposes certain duties upon the officer, for the failure to perform which he may or may not be liable alone in a separate action against him ; but in addition he is required to give bond to the State with sufficient sureties, in which all parties thereto bind themselves that he will discharge said duties, and this bond is breached by a failure thus to discharge, and this breach becomes a cause of action against all of the obligors. It was for the alleged breach of the bond here that the action below was brought. The complaint in the demand for judgment, after stating the facts of Babb being clerk and having given bond, and alleging a breach, &c., prayed judgment for said breach. True, the demand was not for the penalty, as it should have been, but was for a specific amount, to wit, the amount of plaintiffs' decree and interest. But a demand is no part of the action, or rather, it does not give character to the action. The facts alleged do this, and the plaintiff is entitled to such relief as these facts will warrant.

Having reached the conclusion that the action below was upon the official bond of the clerk, the next question is, what is the statutory limitation in such case? The Code answers. Section 111 provides that actions upon bonds other than for the payment of money may be brought within twenty years, or else they are barred, and this applies to all of the obligors, principal as well as sureties. Was the bond below a bond other than for the payment of money ? True, it was a bond the breach of which sounded in money—damages—and the penalty was for a specific amount, but yet it was not for the payment of money in the sense of the statute. It was in the nature of a covenant—a contract under seal, by which the obligors thereto bound themselves under the

specified penalty to answer for the neglect of duty, if any, on the part of the clerk, to the extent of such injury as any party might sustain by such neglect, not to exceed the penalty. It was a bond other than for the payment of money, in the sense of the statute. Why the general assembly made this distinction between bonds, we cannot conceive, but *ita lex scripta est.* And we have no alternative but to enforce it in proper cases.

In the case of *State* v. *Lake, ante* 43, recently decided, the bond sued on was executed before the present statute of limitations, and when bonds of this kind were held to be covenants, and subject to limitations applicable to covenants. Hence this court held that the action there was barred both as to principal and sureties, the statutory period having expired before action brought. Here, however, the bond was given after the statute was enacted, fixing the period at 20 years as to bonds other than for the payment of money. Hence that period must be applied.

We think it was error for his honor to charge the jury that if junior judgments and liens swept away all of the property of McGowan, that in such case the plaintiff was entitled to a verdict for the *full amount* of her claim and interest. This was error, because it closed the door to any inquiry on the part of the jury as to the amount and value of the property of McGowan thus swept away; *non constat,* but that McGowan's property might have been wholly insufficient to pay the full amount of plaintiff's decree, if it had not been swept away by said junior liens.

We will remark here, though this question has not been raised in the case, that the proper practice in cases like this, is for judgment to go for the penalty, which stands for the benefit of all injured parties who, by proper proceeding, may have their damages assessed, with leave to issue execution. *State* v. *Moses,* 18 S. C., 367.

The result of our conclusion is, that there should be a new trial out and out, under the principles herein announced above, with leave on the part of the defendants to have the question of damages reopened and reconsidered. And to this end,

It is the judgment of this court, that the order granting a new trial by the Circuit Court be affirmed, and that the judgment in favor of the sureties be reversed.

MR. JUSTICE MCIVER concurred.

MR. JUSTICE MCGOWAN did not sit in this case.