[No. 14057. In Bank. — April 18, 1891.]

ELIZA YORE ET AL., APPELLANTS, v. THE BANKERS' AND MERCHANTS' MUTUAL LIFE ASSOCIATION OF THE UNITED STATES, RESPONDENT.

INSURANCE — VENUE OF ACTION — CORPORATIONS — PLACE OF CONTRACT. — An action against an insurance corporation organized under the laws of this state may be brought and tried in the county where the contract of insurance was completed, and the corporation defendant is not entitled to a change of the place of trial to the county where it has its principal place of business, if the contract was not completed therein, although the policy was there issued.

ID. — POLICY VARYING FROM APPLICATION — PROPOSAL — PLACE OF ACCEPTANCE — COMPLETION OF CONTRACT. — Where an application for life insurance requested that the policy should be payable in accordance with a future will of the applicant, pending which the applicant desired to have it stand in favor of his lawful heirs, and the policy issued is made payable merely to his lawful heirs, there is no binding contract until the insured assents to the terms given in the policy by accepting the same, and the contract is to be considered as having been made in the county where the policy was accepted, and not in the county where it was issued.

ID. — PROPOSAL FOR INSURANCE — APPLICATION — WISH AS TO DISPOSITION OF PROCEEDS. — The expression, in an application for insurance, of a "desire" to dispose of the proceeds of the policy in a certain manner is to be construed as a proposal for insurance in accordance with the expressed wish of the applicant.

CONTRACTS — ASSENT. — Until all the terms of a proposed agreement have received the assent of both parties thereto, the negotiation is open, and imposes no obligation on either.

ID. — ACCEPTANCE OF OFFER. — An acceptance, to be good, must be such as to conclude an agreement or contract between the parties, to do which it must in every respect meet and correspond with the offer, neither falling within or going beyond the terms proposed.

LXXXVIII. CAL.—39

APPEAL from an order of the Superior Court of Yuba County changing the place of trial.

The facts are stated in the opinion of the court.

*Forbes & Dinsmore,* and *Mastick, Belcher & Mastick,* for Appellants.

*Prima facie,* there is no complete contract of insurance until the premium has been paid and the policy delivered. (May on Insurance, sec. 56; *Thwing* v. *G. W. Ins. Co.,* 111 Mass. 93, 109; Civ. Code, secs. 1625, 1626.) In no case can a contract of insurance become complete until the premium has been paid, or when payment in advance is waived, until the premium has become a legal charge against the assured. (Wood on Insurance, sec. 5.) Unless there be evidence that the parties intended to make a binding contract of insurance in another form, a written policy is presumed to be the only form of contract obligatory on them, and delivery of such a policy, and payment of the premium, are necessary to the completion of the contract. (*Markey* v. *M. B. Ins. Co.,* 126 Mass. 158; 118 Mass. 178, 193; 103 Mass. 78; *Patterson* v. *B. F. Fire Ins. Co.,* 5 Ins. L. J. 376; see also *Fuller* v. *Reed,* 38 Cal. 99, 107.) Where the policy provides that it shall not be binding until the premium is actually paid, or where the agent has no power to make a contract of insurance which shall be binding before payment of premium, in such case there is no insurance until the premium is paid, even though a policy be executed and delivered. (*O'Reilly* v. *Corp. Lond. Assur.,* 101 N. Y. 575; *Flint* v. *Ohio Ins. Co.,* 8 Ohio, 501; *Ormond* v. *Mut. Life Ass'n,* 96 N. C. 158; *Buffum* v. *Fayette M. F. Ins. Co.,* 3 Allen, 360; *Collins* v. *Ins. Co.,* 7 Phila. 201; May on Insurance, sec. 55.) Where the policy provides that agents shall have no power to waive conditions, or that no waiver can be made except in a particular manner, such provisions are valid, and must

control.   (*Shuggart* v. *Lycoming F. Ins. Co.*, 55 Cal. 408, 414; *Gladding* v. *Cal. F. M. F. Ins. Ass'n*, 66 Cal. 6; *Enos* v. *Sun Ins. Co.*, 67 Cal. 621.)   Where the policy is sent to the agent for delivery on receipt of the premium, the contract is completed at the place where the agent delivers it.   (May on Insurance, sec. 66.)

*Haggin & Van Ness*, and *George C. Gorham, Jr.*, for Respondent.

The approval and acceptance of the application, the payment of the premium, the execution of the policy, and its deposit in the mail at San Francisco, constituted a contract and a delivery thereof, complete upon deposit in the mail at San Francisco.   If Yore had died while the policy was in transit, his heirs could have recovered on the policy.   The legal conclusion from these facts is that the contract was made at San Francisco. (May on Insurance, secs. 60, 66, 135; *Kentucky Mut. Ins. Co.* v. *Jenks*, 5 Ind. 96; *Whitaker* v. *Farmers' Union Fire Ins. Co.*, 29 Barb. 312; *Hyde* v. *Goodnow*, 3 N. Y. 266; *Huntley* v. *Merrill*, 32 Barb. 626; *Western* v. *Genesee Mut. Ins. Co.*, 12 N. Y. 258; *Bowser* v. *Lamb*, 6 Ins. L. J. 375; *Whitcomb* v. *Phœnix Ins. Co.*, 8 Ins. L. J. 624; *Shattuck* v. *Mut. Life Ins. Co.*, 7 Ins. L. J. 937.)

DE HAVEN, J. — Appeal from an order changing the place of trial.

The action is one to recover the amount named in a policy of insurance issued by the defendant, a corporation, on the life of one Peter Yore, and was brought in the superior court of Yuba County.

The defendant is a corporation formed and existing under the laws of the state of California, and its principal place of business is in the city and county of San Francisco.

By section 16, article 12, of the constitution of this state, plaintiffs are entitled to bring this action either in

the county where the contract was made, or in the county where the principal place of business of the defendant corporation is situated, and the only question for determination here is as to the place where the contract sued upon was made, the appellants claiming that it was made in the county of Yuba, while the respondent insists that it was made in the city and county of San Francisco.

The motion was heard upon affidavits. It appears from the affidavits filed on behalf of respondent that the deceased, Peter Yore, made application in writing to the agent of respondent at Marysville in Yuba County, for a life insurance policy, and the application was forwarded by said agent to San Francisco, and upon its receipt the officers of respondent issued and caused the policy sued upon to be mailed to the agent of the company at Marysville, with instructions to deliver it to said Yore.

1. It is claimed by the respondent that upon this state of facts the contract was, in judgment of law, made in San Francisco; and this would be so if the policy issued was in exact accordance with the terms proposed in the application. (May on Insurance, secs. 50, 66.) A policy which in its terms is different from the application is not a completed contract, and until accepted by the insured is no more than a proposal to contract, upon the terms stated in it. (*Insurance Co.* v. *Young*, 23 Wall. 85; May on Insurance, sec. 50; *Ocean Ins. Co.* v. *Carrington*, 3 Conn. 357.)

It appears to us from the affidavits used upon the hearing of this motion in the court below, that the policy as issued was not an unqualified acceptance of the terms embodied in the application of the deceased Yore. The application itself is not set out, but its terms sufficiently appear from the letter forwarding it to San Francisco, which letter is made a part of one of the affidavits filed by respondent. In this letter the defendant's agent

writes: " You will observe, by answer to question 6, he desires to dispose of proceeds of the policy by future will, pending which he desires to have it stand in favor of lawful heirs. I presume policy can be so written."

The expression of such a " desire " in an application is to be construed as a proposal for insurance, in accordance with the expressed wish of the applicant. (*Ocean Ins. Co.* v. *Carrington,* 3 Conn. 363.)

The policy as issued is " payable to legal heirs, or to order of ——, county of ——, state of ——, if then living, otherwise to ——."

The substance of Yore's application, as appears from the above letter, was for a policy which should be payable to such person or persons as he might appoint by will, and if no such appointment should be made, then to his legal heirs; but under the policy issued, the legal heirs are to be the beneficiaries.

The difference between such a policy and the one applied for is very apparent. Mr. Bliss, in his work on Life Insurance, in discussing the question as to who is entitled to claim the proceeds of a life insurance policy, says: " When a policy designates a person to whom the insurance money is to be paid, the person who procures the insurance, and who continues to pay the premiums, has no authority by will or deed, to change the designation or title to the moneys. He is under no obligation to pay the premiums, unless he has covenanted so to do; but if he does so, the person originally designated in the policy will derive the benefit." (Bliss on Life Insurance, sec. 337; see also secs. 317, 318; May on Insurance, sec. 392; *Wilburn* v. *Wilburn,* 83 Ind. 56; *Drake* v. *Stone,* 58 Ala. 133.)

In the case of *Harley* v. *Heist,* 86 Ind. 204, 45 Am. Rep. 285, the court say: " It is further said that to deny to the husband, who has paid the premiums, the right to dispose of the policy to his own use, after the death of the wife, imposes upon him a hardship and

a wrong. A sufficient answer to this is, that if he wishes to retain to himself the control and ownership of the policy in such case, he may so provide in the policy."

There are some cases, however, which seem to hold that one who procures a policy of insurance upon his life for the benefit of another, and pays the premiums thereon, may dispose of it by will or otherwise, to the exclusion of the beneficiary named in the policy. (*Clark* v. *Durand*, 12 Wis. 223; *Kerman* v. *Howard*, 23 Wis. 108.) And in the later case of *Foster* v. *Gile*, 50 Wis. 603, the court say the beneficiary named may be changed, with the consent of the company issuing the policy.

It makes no difference, in the decision of this case, which of these conflicting views is adopted as a correct statement of the law relating to the respective rights of the insured, and the beneficiary named in a policy of life insurance. If the section above quoted from Bliss on Life Insurance states the true rule of law on the subject, it is clear there was no completed contract of insurance in this case until the policy as issued by respondent was accepted by the applicant; and we think the same conclusion must be reached if it should be assumed that the contrary doctrine, announced in the above-cited decisions of the supreme court of Wisconsin, is the correct one. The conclusion as to the formation of the contract must be the same, because the applicant had an undoubted right to propose to make a contract in the very terms which he selected, and thus to apply, as he did, for a policy which would give him, in *express terms*, the power to say by his will to whom its proceeds should be paid, thus excluding all future controversy as to his right to do so; and having asked for one so written, he was under no obligation to accept a policy which omitted such *express terms of contract*, and which left his right to dispose of the money to be paid thereunder, if he retained such right at all, to be simply *implied* by law. It is imma-

terial what his reasons were for making the application in the form he did, or why he desired a policy expressly reserving to himself, as a part of his contract with respondent, the right to say, by his will, to whom should be paid the amount for which he was insuring his life. It is enough that, at the time of making the application, he thought such a provision was of sufficient importance to form a part of the express terms of the policy; and an acceptance of this term of his proposal, unless he consented to accept a policy in the form issued, was indispensable to the formation of a contract.

"Until the *terms* of the agreement have received the assent of both parties, the negotiation is open, and imposes no obligation on either." (*Eliason* v. *Henshaw*, 4 Wheat. 225.)

"An acceptance, to be good, must of course be such as to conclude an agreement or contract between the parties. And to do this it must in every respect meet and correspond with the offer, neither falling within nor going beyond the terms proposed, but exactly meeting them at all points, and closing with them just as they are stated." (*Potts* v. *Whitehead*, 23 N. J. Eq. 514.)

It follows that there was no binding contract in this case until Yore assented to the terms given in the policy, by accepting the same, and as this act of acceptance occurred in Yuba County, the contract must be considered as having been made there. (May on Insurance, sec. 66.)

2. The letter of defendant's agent transmitting the policy, saying, "Mr. Yore can dispose of the insurance in his will proportionately, as he chooses," cannot be deemed any part of the contract itself, and was not intended as anything more than an expression of the writer's opinion that Yore had a legal right to do so.

Order reversed.

Sharpstein, J., McFarland, J., Paterson, J., Harrison, J., and Beatty, C. J., concurred.