[Civ. No. 823. First Appellate District.—July 6, 1911.]

# W. R. BARTLEY and A. LOWE, Appellants, v. P. W. FRASER and CITY AND COUNTY BANK OF SAN FRANCISCO, Respondents.

VENUE—CHANGE TO LOCALITY OF REALTY AND RESIDENCE OF PERSONAL DEFENDANT—VALIDITY OF CONTRACT OF SALE—ESCROW—BANK NOT A NECESSARY PARTY.—Where plaintiffs and the personal defendant entered into a contract, by which defendant was to sell one-half interest in a mine and water rights situated in Mariposa county, where such defendant resides, and they deposited the contract and title papers in escrow with the bank made codefendant, and the escrow agreement has not been performed, and plaintiffs becoming dissatisfied with the sale .are seeking to rescind it for alleged fraud, but have no cause of action against the bank, which is located in San Francisco, the presence of the bank as a codefendant cannot affect the right of the personal defendant to change the place of trial of the action to Mariposa county.

ID.—CAUSE OF ACTION TO DETERMINE INTEREST IN REAL PROPERTY—LOCAL ACTION—PLACE OF TRIAL.—A cause of action to determine an interest in real property is local in its nature, and the action should be commenced and must be tried in the county in which the land lies.

ID.—PERSONAL CAUSE OF ACTION—RIGHT TO CHANGE VENUE TO RESIDENCE.—If it be conceded that plaintiffs' alleged cause of action is personal and transitory in its nature, nevertheless the personal defendant would be entitled to change the place of trial to the county of his residence, if it remains true that the plaintiff has no cause of action against the bank as a codefendant, and that the personal defendant, on the facts pleaded, is the only party necessary or proper to be made a defendant in the action.

ID.—CHARACTER OF ACTION — HOW DETERMINED—CAUSE OF ACTION
STATED—RELIEF NOT A CRITERION.—The relief demanded in a complaint does not indicate the character of the action; but it is the substance of the cause of action which determines its character, to be ascertained from the allegations of the complaint, without regard to the relief prayed for. Ordinarily the plaintiff is entitled to and will be given only such relief as the facts constituting the cause of action will warrant.

ID.—PRAYER FOR RETURN OF PAPERS TO PLAINTIFFS—NO GROUND FOR RETURN.—Although the plaintiff prays for the return of the papers from the bank to the plaintiffs, yet it appearing from the allegations of the complaint that the conditions upon which the papers deposited with the bank in escrow were to be delivered by the bank to the plaintiffs have not been complied with, the complaint will neither warrant nor support a decree requiring the bank to deliver the papers to the plaintiffs.

ID.—INJUNCTION SOUGHT AGAINST BANK—ORDER OF COURT TO BANK AS AGENT OF BOTH PARTIES—JOINDER OF BANK NOT REQUIRED.—The joinder of the bank as a codefendant to enjoin it from delivery of the papers to defendant was unnecessary. The court may order it, as the agent of both parties, without such joinder, to deliver no papers to either party pending the litigation between them.

ID.—PLAINTIFFS' CAUSE OF ACTION—RESCISSION—DAMAGES—LIEN FOR PURCHASE MONEY PAID.—The complaint of the plaintiffs, in so far as it states a cause of action, is for rescission of the original contract of purchase, coupled with damages, and perhaps a lien upon the real property for the portion of the purchase price already paid.

ID.—ELIMINATION OF BANK AS PARTY—AFFIRMANCE OF ORDER FOR CHANGE OF VENUE.—With the bank eliminated as a party to the controversy, the order of the court changing the place of trial must be affirmed, whatever views may be taken of the nature of the action.

APPEAL from an order of the Superior Court of the City and County of San Francisco changing the place of trial of an action. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Bourdette & Bacon, for Appellants.

R. B. Stolder, and Bert Schlesinger, for Respondents.
16 Cal. App.—36

LENNON, P. J.—This is an appeal from an order of the superior court of the city and county of San Francisco, transferring the above-entitled action to the superior court of Mariposa county for trial.

The plaintiffs' complaint alleges substantially the following facts:

In the month of April, 1909, the defendant P. W. Fraser offered to sell to the plaintiffs an undivided one-half interest in certain mining claims and water rights situate in Mariposa county, California. In the month of May following, the plaintiffs, relying upon certain representations of defendant Fraser, purchased an undivided one-half interest in the property referred to, and agreed to pay therefor the sum of $5,000 in installments, as evidenced by a written contract entered into by the plaintiffs and defendant Fraser, wherein the latter agreed to execute to the plaintiffs a deed for his interest in the property, and place the same, together with the contract of sale and an assignment thereof to plaintiffs, in the custody of the defendant, City and County Bank of San Francisco, to be held in escrow. The terms and conditions of the deposit of the deed in escrow were, that upon the payment by the plaintiffs to the bank, for the use and benefit of the defendant Fraser, of $1,000 cash in hand and $4,000 in three deferred payments of $1,500, $1,000 and $1,500, respectively, the bank was to deliver the deed, the contract and its assignment to plaintiffs. Upon the making of the contract of sale the defendant Fraser executed a deed to the plaintiffs of the property in question, and made an assignment of the contract to plaintiffs, and placed the same in escrow with the defendant bank upon the conditions stated. Thereupon the plaintiff paid to the defendant Fraser the sum of $1,000 in cash as per the contract of sale, and thereafter paid into the bank for the use and benefit of defendant Fraser the sum of $1,500, but before the maturity of the second deferred payment of $1,000, the plaintiffs, as they alleged, discovered that they had been induced to purchase the mine by the deceit and fraud of the defendant Fraser, who, prior to the execution of the contract of sale, had "salted" the property, and had grossly misrepresented to plaintiffs its value.

Upon the execution of the deed, the contract of sale and the agreement of escrow, and in pursuance of the terms of

the sale, the defendant Fraser placed the plaintiffs in possession of the property and the water rights appurtenant thereto. The plaintiffs thereafter, in the working and development of the mine, expended a sum in excess of $4,000, and it was during the progress of this work that they discovered that the defendant Fraser had "salted" the mine by mixing high-grade ore with low-grade ore, and that none of the ore originally in place in said mine was, as had been previously represented by defendant Fraser, of the value of $300 per ton, or of any value in excess of $20 per ton. Immediately following this discovery the plaintiffs demanded of the defendant Fraser that he deliver to them the escrow deed, the contract of sale and its assignment, and forego all further payments previously provided and agreed upon in the contract of purchase.

It is further alleged in the plaintiffs' complaint that the defendant Fraser threatens to and will, upon the expiration of the time in the escrow agreement fixed for the final payment on the purchase price of the mine, and in the event of plaintiffs' refusal to pay the same, cause the defendant bank to deliver all of the papers held in escrow to the defendant Fraser, and that the said defendant bank threatens to and will, in the event of plaintiffs' failure to comply with the terms and conditions of the escrow agreement, deliver the said papers to the defendant Fraser, to the irreparable damage of plaintiffs in the sum of $6,500.

The prayer of the plaintiffs' complaint is that, *pendente lite,* the defendant bank be restrained from delivering the escrow papers to the defendant Fraser, and that he likewise be enjoined from receiving or accepting the said papers from the defendant bank; that upon the final hearing of the cause the temporary restraining order prayed for be made a permanent injunction; that plaintiffs have judgment against the defendant Fraser in the sum of $6,500 for the damages which, it is alleged, will accrue to the plaintiffs if the escrow papers be delivered to the defendant Fraser, and, finally, for a decree, requiring and directing the defendant bank to deliver to the plaintiffs the escrow deed, the contract of sale and its assignment.

The defendant City and County Bank defaulted, and the defendant Fraser, after demurring to plaintiffs' complaint,

requested a change of venue upon the grounds: (1) That the defendant Fraser was at all times mentioned in the complaint, and up to the time of the hearing of the motion to change, a resident of Mariposa county; (2) That the City and County Bank is only a nominal party to the action, and has no interest whatsoever in the final result, and that Fraser is the only real party defendant in the action; (3) That the subject of the action was and is real property, all of which is in Mariposa county.

In support of this motion for a change of venue the defendant Fraser filed, and read in evidence upon the hearing of the motion, an affidavit of merits in due form, wherein he deposed that then, and for a long time prior to and at the time of the commencement of the action, he was and had been a resident of the county of Mariposa.

The motion was heard and determined solely upon the moving papers and the defendant's affidavit of merits.

If this be an action for the determination, in any form, of a right or interest in real property, the cause of the controversy is local, and the action should have been commenced, and it must be tried in the county where the land lies. (Const., art. VI, sec. 5; Code Civ. Proc., secs. 392, 396; *Sloss* v. *De Toro*, 77 Cal. 129, [19 Pac. 233].)

On the other hand, conceding the cause of action to be personal and transitory in its nature, the case was nevertheless properly transferred for trial to the county of defendant Fraser's residence, if it be true, as he asserts, that he is the only party necessary and proper, on the facts pleaded, to be made a defendant in the action. (Code Civ. Proc., sec. 395; *McKenzie* v. *Barling*, 101 Cal. 459, [36 Pac. 8].)

The relief demanded in a complaint does not indicate the character of an action. The substance of an action determines its character. And generally this must be ascertained by a reference to the allegations of the complaint, without regard to the nature of the relief prayed for. (1 Sutherland on Pleadings, sec. 186; *Strain* v. *Babb,* 30 S. C. 342, [14 Am. St. Rep. 905, 9 S. E. 271]; *Southern Pacific Co.* v. *Hyatt,* 132 Cal. 240, [64 Pac. 273, 54 L. R. A. 522]; *Murphy* v. *Crowley,* 140 Cal. 144, [73 Pac. 820]; 1 Ency. of Pl. & Pr. 146.)

"Every complaint in an action should be founded upon a theory under which the plaintiff is entitled to recover" (*Buena Vista etc. Co.* v. *Tuohy,* 107 Cal. 243, [40 Pac. 386]), and ordinarily the plaintiff is entitled to and will be given only such relief as the facts constituting the cause of action will warrant.

The theory of the plaintiffs' cause of action in the case at bar is not readily discoverable. It is clear that the facts stated in the complaint would not support a judgment against the defendant bank for the delivery at this time of the escrow papers to the plaintiffs, and we are unable to perceive upon what theory the plaintiffs pray for this specific relief. The bank, as the depository of the escrow papers, was, under the escrow agreement, the agent of both parties to the sale. (1 Devlin on Deeds, sec. 237; *Cannon* v. *Handley,* 72 Cal. 140, [13 Pac. 315].)

The plaintiffs' remedy, upon the performance of the conditions precedent to the delivery of the escrow papers and the failure of the bank to deliver the same to the plaintiffs, would have been an action against the bank to compel such delivery. (Devlin on Deeds, sec. 327; *Stanton* v. *Miller,* 65 Barb. (N. Y.) 72.) In such an action, however, the bank would be compelled to deliver the papers in controversy to the plaintiffs only upon the showing of a full and strict performance by them of the terms and conditions of the escrow agreement. (*Beem* v. *McKusick,* 10 Cal. 538; *Dyson* v. *Bradshaw,* 23 Cal. 528.)

In this case it appears from the allegations of the complaint that the conditions upon which the deed and its accompanying papers were to be delivered to the plaintiffs have not been complied with; and it is evident, therefore, that the complaint will neither warrant nor support a decree requiring the defendant bank to deliver the papers in question to the plaintiffs.

It is but fair to the pleader to infer that the procurement of such a decree was not the primary purpose of the action, and that the bank was joined as a defendant therein merely for the purpose of holding the escrow agreement *in statu quo* pending the litigation of the plaintiffs' grievance against the defendant Fraser. This result could have been accomplished, however, without making the bank a party defendant,

for, assuming that the plaintiffs' complaint stated a cause of action, involving in any wise the validity of the original contract of sale and the subsequent agreement of escrow, the bank, as the agent of both parties, might have been rightfully restrained from delivering the escrow papers to the defendant Fraser pending the hearing and determination of the action.

It is apparent that the complaint does not state a cause of action against the City and County Bank, and this being so, the bank was at least not a necessary party defendant to the action, and, therefore, the right of the defendant Fraser to have the cause transferred to the county of his residence was not affected by making the bank a defendant. (*Remington* v. *Cole,* 62 Cal. 311; *Sayward* v. *Houghton,* 82 Cal. 628, [23 Pac. 120].)

If the plaintiffs' complaint states a cause of action at all, it must be considered as founded upon the theory that plaintiffs were entitled to a judgment rescinding the original contract of sale coupled with damages, and perhaps a lien upon the property sold for the portion of the purchase price already paid.

In this view of the case, and with the defendant bank eliminated from the controversy, it is clear that the action is for the determination in some form of a right or interest in real property; or else it is in its results purely personal to the defendant; and in either event it was properly transferred to Mariposa county for trial.

The order appealed from is affirmed.

Kerrigan, J., and Hall, J., concurred.