[Civ. No. 4240. Second Appellate District, Division One.—July 17, 1924.]

McCARTHY & MYER (a Copartnership), Appellants, v. BANK OF ITALY (a Banking Corporation), et al., Respondents.

[1] CONTRACTS—ESCROW—LEASES—OPTION TO RENEW—CONSTRUCTION —RATIFICATION.—Where according to escrow instructions the escrow-holder was to hand a promissory note and money, deposited by a tenant, to the landlord in payment of certain fixtures and equipment when the latter delivered to the escrow-holder a bill of sale to said fixtures and equipment and also a new lease which was to carry "a renewal option for two or three years from and after" the expiration of its term "at a rental to be mutually agreed upon," and the landlord tendered a lease giving the tenant "an option of renewal of this lease at a monthly rental to be mutually agreed upon at its termination," and not stating any period of time of such renewal, the tenant, by continuing in possession of the premises and said personal property after the expiration of his prior lease did not ratify and confirm the terms of the new lease tendered by the landlord, where at the time the new lease was tendered the tenant was in possession under said prior lease and before the expiration of the latter lease the landlord knew that the tenant had refused to accept the proffered new lease.

[2] ID.—SPECIFIC PERFORMANCE.—Conceding that the tenant could not have compelled the landlord to execute a lease carrying a renewal option at any stated rate of rent to be paid, it does not follow that the landlord, without offering to execute a lease conforming to the terms of the escrow, can specifically enforce the contract.

[3] ID.—OPTION TO RENEW—VALIDITY OF—CONDITIONS.—The condition specified in the escrow instructions, in relation to the option, even if not enforceable, was not illegal; and since the tenant, at the time of giving his escrow instructions, thought that the provision as to the option to renew in the new lease was of sufficient importance to be included in the new lease, the landlord was not

1.   See 15 Cal. Jur. 659, 661; 16 R. C. L. 889.

2.   Executory agreement of lessee to take lease as subject to specific performance, note, Ann. Cas. 1912C, 1054. See, also, 25 R. C. L. 283.

3.   See 6 Cal. Jur. 372; 6 R. C. L. 914.

entitled to change the terms in that respect, any more than in any other detail of the lease, without the tenant's consent.

[4] Id.—Performance—Escrow.—In an action to compel the escrow-holder to deliver the consideration for the lease, the escrow-holder would be compelled to deliver the papers in controversy to the landlord only upon the showing of a full and strict performance by him of the terms and conditions of the escrow agreement.

(1) 35 C. J., p. 1170, sec. 446 (Anno.).   (2) 36 Cyc., p. 693. (3) 21 C. J., p. 881, sec. 25.   (4) 21 C. J., p. 880, sec. 25.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Edwin F. Hahn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

John W. Carrigan for Appellants.

Andreani & Haines and John L. Bisher for Respondent Bank of Italy.

Smith & Breslin for Respondent Mina.

CONREY, P. J.—On or about the twenty-first day of February, 1921, the defendant Mina, as tenant of the plaintiffs, went into possession of a certain meat market with its fixtures and equipment, at 1102 West Seventh Street, in the city of Los Angeles, and continued in possession thereof during a period extending some months beyond the thirty-first day of August, 1921.   Said entry was made under a written lease for a term commencing on said date of entry and ending on the thirty-first day of August, 1921, at a monthly rental of $70.   On or about the tenth day of May, 1921, the plaintiffs sold said meat-market fixtures and equipment to the defendant Mina for the agreed price of $2,600, of which sum said Mina then paid $150; it being further agreed that leases should be executed as hereinafter stated.

Said sale was made subject to the terms of their agreement as contained in escrow instructions on said tenth day of May delivered by the plaintiffs and Mina to the defend-

4.   Necessity of strict compliance with conditions of escrow agreement, note, L. R. A. 1916A, 502.   See, also, 10 Cal. Jur. 589; 10 R. C. L. 635.

ant Bank of Italy. Said escrow instructions were signed by Mina and at the same time were accepted and approved over the signature of the plaintiffs. The agreement as contained in said escrow instructions provided for the payment of the unpaid balance of the purchase price, amounting to $2,450, as follows: Mina delivered to the bank the sum of $1,850 and a promissory note payable to the plaintiffs in the sum of $600. The bank was instructed that it was to hold said money and said note until August 31, 1921, or before said date, provided the following conditions were complied with. The bank was instructed to hand said money and note to the plaintiffs when the plaintiffs delivered to the bank, for Mina, a bill of sale to said fixtures and equipment of the meat-market stall and also a lease to said stall and market premises for the term commencing February 21, 1921, and ending August 31, 1921, at the stated rental, and when they further delivered to the bank for Mina, a lease to said meat-market stall and premises commencing August 31, 1921, for the period of two years at a monthly rental not exceeding $70 per month, "which said new lease shall also carry a renewal option for two or three years from and after August 31, 1923, at a rental to be mutually agreed upon. The understanding of the undersigned being that said purchase price of $2,600 be paid to said McCarthy & Myer, if on or before August 31, 1921, they obtain for and deliver to the undersigned lease to said market stall and premises for at least two years, and possibly five years to said premises, commencing on August 31, 1921. Should said lease, commencing August 31, 1921, for the term of two years or longer, at a rental of $70, be not so delivered for the undersigned the above said money is to be returned to the undersigned."

On some day during the month of August, 1921, the plaintiffs tendered to the bank, for delivery under said escrow, a bill of sale and a lease, which they claimed were in full accordance with the requirements of said escrow agreement. The defendant Mina, claiming that said lease commencing August 31, 1921, tendered by the plaintiffs, did not comply with the requirements and conditions of the escrow, refused to accept said documents and instructed the bank to withhold from plaintiffs the said money and note deposited by him with the bank. The bank thereupon refused delivery of

the money and the note to the plaintiffs, who thereupon commenced this action. Judgment was entered in favor of the defendants. The plaintiffs appeal therefrom.

The controversy turns upon the contention of the defendants that the lease tendered by the plaintiffs did not comply with that part of the escrow instructions or agreement which provided that "said new lease shall also carry a renewal option for two or three years from and after August 31, 1923, at a rental to be mutually agreed upon." It does not appear that at the time of making the sale and escrow agreement or subsequently thereto, the parties ever entered into any agreement or attempted to make any agreement, settling the amount of rental to be paid during the period covered by said proposed option. The lease tendered by the plaintiffs in purported compliance with said sale agreement contained no reference to said proposed option other than the following: "Provided, however, there is hereby given said second party an option of renewal of this lease at a monthly rental to be mutually agreed upon at its termination; subject, however, to all the rights and interests said lessor herein may then have or have acquired in said demised premises." If the lease thus offered, containing said quoted clause (which does not state any period of time of such renewal), and not otherwise providing for the renewal option, is not a sufficient compliance with the agreement as made, it must follow that the judgment in favor of the defendants should be affirmed.

[1] Appellants contend, first, that defendant Mina, by continuing in possession of the premises and personal property, ratified and confirmed the terms of the lease which was tendered to him by the plaintiffs. Certainly this result did not follow at the time, early in August, when the two-year lease was tendered. For the defendant Mina was in possession under a prior lease which by its terms would not expire until the end of that month. And if after that month (as appellants assert that the fact is), Mina remained in possession and continued to pay rent of $70 per month to plaintiffs, then he became a tenant for one month at the time of each one of such renewals. (Civ. Code, sec. 1945.) Plaintiffs knew, before the end of August, that Mina had refused to accept the proffered lease. This must be so, since this action was commenced on August 17, 1921, to enforce the alleged contract of sale by compelling the bank to deliver

to plaintiffs the note and money which had been placed in escrow.

Appellants further contend that defendant Mina's claim of right to have the lease carry a renewal option as specified in the escrow instructions is not enforceable because the clause in question, according to "the construction placed upon the agreement by the defendant," is inoperative, indefinite, unreasonable, and not capable of being carried into effect.   [2]   Let it be conceded that, for said stated reasons, defendant Mina could not have compelled the plaintiffs to execute a lease carrying a renewal option at any stated rate of rent to be paid.   It does not follow that the plaintiffs, without offering to execute a lease conforming to the terms of their agreement, can specifically enforce the contract.   On the contrary, it would seem that both parties, equally, are unable to obtain specific performance of their agreement.   [3]   The condition specified in the escrow instructions, in relation to the option, even if not enforceable was not illegal.   Since the defendant Mina, at the time of giving his escrow instructions, thought that the provision in question was of sufficient importance to be included in the proposed lease, the other party was not entitled to change the terms in that respect, any more than in any other detail of the lease, without Mina's consent.   (*Yore* v. *Bankers' Assn.*, 88 Cal. 609, 615 [26 Pac. 514].)   [4]   And in an action to compel the escrow-holder to deliver the consideration for the lease, "the bank would be compelled to deliver the papers in controversy to the plaintiffs only upon the showing of a full and strict performance by them of the terms and conditions of the escrow agreement."   (*Bartley* v. *Fraser*, 16 Cal. App. 560, 565 [117 Pac. 683, 685].)

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.