[No. 12397.   In Bank. — September 26, 1888.]

# LOUIS SLOSS, RESPONDENT, *v.* JUAN DE TORO ET AL., APPELLANTS.

VENUE — ACTION TO SET ASIDE FRAUDULENT PROBATE SALE. — An action to set aside a fraudulent sale of land by an administrator, and to annul the order of sale, for want of jurisdiction, and to enjoin the disposition of the proceeds of the sale, involves the determination of a right or interest in real property, and is to be tried where the real property is situated, rather than where the defendants or some of them reside at the commencement of the action, although the order of sale was made in the county of the defendant's residence.

APPEAL from an order of the Superior Court of San Diego County refusing to change the place of trial.

The facts are stated in the opinion.

*Wells, Van Dyke & Lee*, for Appellants.

The superior court of Los Angeles County had exclusive jurisdiction of all matters pertaining to the administration and settlement of the estate. (Code Civ. Proc., sec. 1295.) The suit affects personal property as well as real estate. (*Le Breton* v. *Superior Court*, 66 Cal. 27; *Ashhurst* v. *Gibson*, 57 Ala. 584.) An action to set aside a fraudulent conveyance need not be brought in the county where the land lies. (*Beach* v. *Hodgdon*, 66 Cal. 187; *Massie* v. *Watts*, 6 Cranch, 160; Perry on Trusts, 70–72.)

*H. S. Mulford*, for Respondent.

The action was brought in the proper county for trial. (Code Civ. Proc., sec. 392.) The jurisdiction of the superior court of Los Angeles County over the administration is not exclusive of the jurisdiction of the superior court of San Diego County over this action. (*Le Breton* v. *Superior Court*, 66 Cal. 27; *Watts* v. *White*, 13 Cal. 321; *Black* v. *Black*, 27 Ga. 40.)

BELCHER, C. C.—The plaintiff commenced this action in the superior court of San Diego County, and the defendants moved to have the case transferred to the superior court of Los Angeles County for trial. The motion was denied, and the appeal is from that order.

The allegations of the complaint are substantially as follows: Augustin Olvera died testate, seised of an undivided interest in a tract of land situate in San Diego County. The tract was afterward partitioned, and a portion thereof, described as lot 70 and containing 9,238 acres, was allotted to the estate in severalty. The plaintiff was the owner of an undivided interest in lot 70, equal to 488.25 acres, the title to which he acquired by conveyance from the widow of the deceased. In July, 1881, the defendant, Juan de Toro, was appointed administrator of the estate by the superior court of Los Angeles County, and received letters of administration which had not been revoked. In September, 1886, De Toro obtained an order from that court authorizing him, as administrator, to sell an undivided part of lot 70, and in March, 1887, in pursuance of that order, he sold to defendant Forbes at private sale, for $5.05 per acre, all the right, title, and interest of the estate in and to a described portion of the lot, containing 4,500 acres; and in April following the sale was approved by the court.

The sale was fraudulent. Forbes was the brother-in-law of De Toro, and his business manager and adviser. Prior to the sale the two connived together, and without the knowledge or consent of plaintiff, or the heirs to the estate, or their successors in interest, secretly agreed that the administrator should sell the described land to Forbes for the nominal sum of $5.05 per acre, and that the latter should thereafter resell the land at its market value, which was rapidly increasing, and was then worth not less than $25 per acre, and that the administrator should have a share of the proceeds of such sale. Within

a few days after the sale to him, Forbes again sold the land to other parties for $25 per acre.

There was no necessity for a sale of the land. The administrator had in his hands personal property sufficient to pay all outstanding indebtedness and all expenses of administration which had then accrued, and there was no family allowance to be provided for. Moreover, the court never acquired jurisdiction to make the order, for the reason that none of the conditions required by law to authorize such a sale existed, and the petition, therefore, was wholly insufficient.

The sale of the land, as made, greatly depreciated the value of the remaining part of the tract, and worked great and irreparable injury to the plaintiff, and to the heirs and their successors and assigns.

The prayer was, that the order of sale be vacated and annulled, that the sale thereunder be declared void and set aside, and that the defendants be enjoined from disposing of the proceeds thereof until the further order of the court.

The defendants demurred to the complaint, and thereupon, upon proper showing, moved to have the place of trial changed to Los Angeles County, upon the ground that both of them were, and had been for more than ten years, residents of that county.

Whether the court erred in denying the defendants' motion, or not, must be determined by a consideration of the provisions of the code in reference to the "place of trial of civil actions."

Section 392 of the Code of Civil Procedure provides as follows:—

"Sec. 392. Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in this code:—

"1. For the recovery of real property, or of an estate

or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

And section 395 provides that in all cases not covered by the three preceding sections, "the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action."

The question then is, Did this action require the *determination, in any form,* of a right or interest in real property?

It seems to us that it did. The main purpose of the action evidently was to have an alleged fraudulent sale of land set aside, and the title revested in its former owners. This purpose could only be accomplished by showing, first, that the plaintiff had an estate or interest in the land, and second, that the defendants had wrongfully tried to deprive him of that interest. If the action had been ejectment or to quiet title, it would not more clearly have required a determination as to the plaintiff's right or interest in the property.

In our opinion, the order appealed from was properly made, and should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

THE COURT.— For the reason given in the foregoing opinion, the order appealed from is affirmed.

THORNTON, J., concurring.—I concur, but in concurring in the judgment of this court herein, I think it proper to state that I do not intend to say or intimate that the complaint sets forth facts sufficient to constitute a cause of action.