[No. 12946.  In Bank. — July 4, 1889.]

WILLIAM A. FRANKLIN ET AL., APPELLANTS, v. W. J. DUTTON, RESPONDENT.

PLACE OF TRIAL — REAL ACTION — REFORMATION OF CONTRACT OF SALE. — An action for the reformation of a contract of sale of land must be tried in the county where the land is situated, and cannot be changed therefrom to the place of the defendant's residence. Under section 392 of the Code of Civil Procedure, an action for the determination in any form of a right or interest in real estate must be tried in the county where the land is situated.

APPEAL from an order of the Superior Court of Santa Barbara County changing the place of trial.

The facts are stated in the opinion of the court.

*B. F. Thomas*, for Appellant, cited Code Civ. Proc., sec. 391; *Sloss* v. *De Toro*, 77 Cal. 129; *Baker* v. *Fireman's Fund Ins. Co.*, 73 Cal. 182; Bliss's Code Pleading, sec. 475; *Friedman* v. *Macy*, 17 Cal. 230; *Fish* v. *Fowlie*, 58 Cal. 374; *Janes* v. *Throckmorton*, 57 Cal. 384; *Leese* v. *Clark*, 20 Cal. 388; *O'Neil* v. *O'Neil*, 54 Cal. 187; *Watts* v. *White*, 13 Cal. 324; *Ring* v. *McCoun*, 10 N. Y. 268.

*Hall & Rodgers*, for Respondent.

The action, being merely to correct a mistake in a contract, is not for the determination of any interest in real property, under section 392 of the Code of Civil Procedure, and was removable to the city and county of San Francisco under section 395 of the Code of Civil Procedure. (*Loehr* v. *Latham*, 15 Cal. 418; *Hanchett* v. *Finch*, 47 Cal. 192; *Rowland* v. *Coyne*, 55 Cal. 1; *Buell* v. *Dodge*, 57 Cal. 645; *Watkins* v. *Degener*, 63 Cal. 500; *Heald* v. *Hendy*, 65 Cal. 321; *Le Breton* v. *Superior Court*, 66 Cal. 27; *More* v. *Superior Court*, 64 Cal. 345.)

SHARPSTEIN, J.—This action was commenced in the superior court of the county of Santa Barbara for the

reformation of a contract for the sale by plaintiffs to defendant of a certain tract of land lying in said county. Defendant demurred to the complaint, and at the same time demanded a change of the place of trial to San Francisco, the place of his residence. The court made an order changing the place of trial as demanded. From that order plaintiffs appealed, and contend here that under section 392 of the Code of Civil Procedure they are entitled to have the action tried in the county of Santa Barbara, where it was commenced. If it be an action for the determination, *in any form*, of a right or interest in real estate situated in Santa Barbara County, it must be tried in that county.

This action, as we construe it, is for the determination of a right or interest in real estate.

Order reversed.

WORKS, J., PATERSON, J., THORNTON, J., and BEATTY, C. J., concurred.