[L. A. No. 1317.   Department One.—October 3, 1903.]

L. W. BOOKER, Executor, etc., Respondent, v. JOHN R. AITKEN, Appellant.

Venue—Real Action—Enforcement of Trust in Land—Deed Procured by Fraud—Averments as to Personal Property—Evidence.—An action by an executor to enforce a trust in real property, in which the sole relief sought is to avoid a deed from the decedent to the defendant for fraud and undue influence and mutual mistake of law, and in which evidence of averments as to personal property, and a contract for services relating to the circumstances under which the title was acquired, is only admissible so far as it may tend to establish the contention that the deed was void,—is a real action, within the meaning of section 392 of the Code of Civil Procedure, in which non-resident defendants are not entitled to a change of venue to the place of their residence.

APPEAL from an order of the Superior Court of San Luis Obispo County denying a motion to change the place of trial of an action.  E. P. Unangst, Judge.

The facts are stated in the opinion.

W. L. Pierce, Bishop, Wheeler & Hoefler, and William Rix, for Appellant.

The action is a mixed action in equity, which must be tried in the county of the residence of the defendants.  (*Smith* v. *Smith,* 88 Cal. 572; *Moore* v. *Superior Court,* 64 Cal. 345; *Le Breton* v. *Superior Court,* 66 Cal. 27; *Mock* v. *City of Santa Rosa,* 126 Cal. 330; *Ah Fong* v. *Stearns,* 79 Cal. 33; *Smith* v. *Davis,* 96 Cal. 25-32; *Warner* v. *Warner,* 100 Cal. 11; *Golden Cross Min. etc. Co.* v. *Spiers,* 115 Cal. 247; *Ashurst* v. *Gibson,* 57 Ala. 584; *State* v. *Superior Court of Kings County,* 7 Wash. 306; *Suffold* v. *Scottish Am. Mfg. Co.,* 98 Ga. 785; *McCallister's Admr.* v. *Louisville Savings Bank,* 80 Ky. 684.)

Anderson & Anderson, and W. H. Spencer, for Respondent.

The allegation as to the circumstances and facts under which the title to the real property involved was wrongfully

and fraudulently obtained, and which it is the object of the action to recover, do not alter the nature of the action, but simply disclose the facts constituting the alleged fraud, without which the complaint would have been deficient. (*Golson* v. *Dunlap,* 73 Cal. 157; *People* v. *McKenna,* 81 Cal. 158; *Colegrove* v. *Fisk,* 90 Cal. 75; *Gray* v. *Galpin,* 98 Cal. 633; *Heller* v. *Dyerville Mfg. Co.,* 116 Cal. 127.) The land is the subject-matter of the action, in whatever form the question is raised. (*Baker* v. *Fireman's Fund Ins. Co.,* 73 Cal. 182; *Sloss* v. *De Tort,* 77 Cal. 129; *Franklin* v. *Dutton,* 79 Cal. 605; *Staacke* v. *Bell,* 125 Cal. 309, 315.)

CHIPMAN, C.—Appeal by defendant from an order denying his motion for a change of the place of trial. The action was brought in the county of San Luis Obispo, and defendant's residence was at all the times mentioned in the complaint, and now is, the city and county of San Francisco. "The action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action," (Code Civ. Proc., sec. 395), unless the case falls within some one or more of the exceptions stated in section 392 of the same code. These are,—1. For the recovery of real property, or an estate, or interest therein, or for the determination, in any form of such right or interest, and for injury to real property; 2. Partition of real property; and 3. Foreclosure of liens or mortgages on real property. The character of the complaint must be determined from the facts alleged in it (*McDougald* v. *Hulet,* 132 Cal. 154); and upon the trial of an action the court may grant any relief consistent with the case made by the complaint and embraced within the issue. (*Faulkner* v. *First National Bank,* 130 Cal. 258.) "An action must be wholly local in its nature, under the provisions of section 392 of the Code of Civil Procedure, to entitle it to be tried in a county other than that of the residence of the defendant, and if real and personal actions are joined, the case falls within section 395 of the same code, and must be tried in the county of the residence of the defendant." (*Smith* v. *Smith,* 88 Cal. 572, *syllabus.*) It was held in that case that an action for an accounting is a proceeding in equity, and is essentially a personal action, and

must be tried in the county of defendant's residence, and unless the action falls wholly within the provisions of section 392, or one of the two next succeeding sections (not claimed here), the provisions of section 395 prevail. "The plaintiff cannot, by writing in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides." (*Smith* v. *Smith,* 88 Cal. 572.) It is also a rule of equity practice that when the court has once obtained jurisdiction it will do complete justice by deciding the whole case, leaving nothing for future litigation if it can be helped. (*Watson* v. *Sutro,* 86 Cal. 500.) Where specific relief is asked, but cannot be granted, such relief as the case stated in the complaint authorizes may be had under the general clause in the prayer for general relief (*Rollins* v. *Forbes,* 10 Cal. 299), and where the defendant has answered the plaintiff may have such relief even if there be no general prayer. (Ibid.) If the plaintiff has mistaken his relief, and prayed for less than the facts pleaded show him entitled to, or if his prayer is imperfectly or inartificially drawn, he will still be entitled under his general prayer to such relief as will conform to the complaint. (*Trubody* v. *Jackson,* 2 Cal. 269.)

With these principles in view, let us look at the complaint: The action is brought by the executor of the last will of Mrs. Andrews. It is alleged that defendant is now in possession and holds the legal title to certain described real property, situated in San Luis Obispo County; that he acquired the possession and title thereto "under such circumstances of fraud and undue influence on the part of defendant towards said Tennessee A. Andrews, deceased, and of mutual mistake of law on the part of defendant and the deceased, that defendant in equity and good conscience held the possession and title to said lands prior to and at the time of her death, in trust for the said deceased, and the deceased was at the time of her death entitled to become the possessor of said lands and every part thereof, from defendant, and was entitled to have him declared the trustee holding the title to the same for her benefit, and to have had the title divested out of

him and vested in her.'' The complaint then shows what purports to be ''the circumstances and facts'' under which it is alleged that defendant acquired the title to said property. It is set forth that Mrs. Andrews and her husband resided in San Luis Obispo County for many years; that her husband owned real estate of the value of $75,000 and personalty of the value of $200,000, all being community property; that on September 7, 1895, Mrs. Andrews employed defendant to bring an action for divorce against her husband, which he did with the result that Mrs. Andrews obtained a decree awarding her all her husband's property, and thereafter he paid and delivered to defendant as Mrs. Andrews's attorney money and bank certificates of deposit and bank stock amounting in value to $75,000; also a note against one Sinsheimer for $39,680, and collateral securing said note, consisting of notes secured by mortgages on real property aggregating about $40,000; that Mrs. Andrews, before the divorce suit was commenced, signed a contract prepared by defendant, agreeing therein to pay him one fourth of all property that might be awarded to her in said action; that defendant retained under said contract one fourth of about $75,000 as part of his fee, and also retained the Sinsheimer note and said collateral, claiming to own one fourth thereof under said contract; that thereafter he induced Mrs. Andrews to enter into another agreement, whereby she admitted defendant's ownership of one fourth of said notes and mortgages and agreed with defendant to submit to arbitration the question of dividing said securities, and the property which might be taken under foreclosure between herself and defendant; that an arbitration was made and an apportionment of said property by which the property described in the complaint was awarded to defendant and the balance to Mrs. Andrews; that when she entered into the contract for the payment of said fee, in 1895, she then, and to the time of her death, believed that the same was a valid contract, and so also when she signed the arbitration agreement, she believed that defendant was, by virtue of said first-mentioned contract, the owner of one fourth of said securities, and thereafter, on July 31, 1900, acting under such belief, she executed a·deed to defendant of the real

property described in the complaint.  At the same time defendant procured a deed from said Sinsheimer to said property.  It is then alleged that in the matter of said contract, both defendant and Mrs. Andrews believed it valid and binding, and that the transfer of said property under it was valid, and that in that regard both were acting under mistake of law; that Mrs. Andrews was old and unacquainted with business, was without independent advice, or advice other than that of defendant, on whom she relied; that his said services were of no greater value than $12,000, and that when she signed the agreement by which she admitted his interest to be one fourth of said Sinsheimer note and the mortgage securing the same, defendant had already received and retained of the moneys paid him by the divorced husband an amount more than defendant was entitled to receive; that she would not have entered into said contract as to defendant's fee and said other contract of arbitration, or have executed said deed, if she had not been resting under said mistake.  Plaintiff then alleges that Mrs. Andrews died without discovering said mistake, and in ignorance of her legal rights in the premises, and that plaintiff discovered that Mrs. Andrews was not legally bound by said contract within two or three months of bringing the action.

The prayer of the complaint is, that it be adjudged that defendant "held the legal title to all said real property at the time of the death of said Tennessee A. Andrews, and now holds the same in trust" for her estate, and that "defendant be required to execute such conveyances as may be necessary to carry into effect such decree . . . and for costs and general relief."

Plaintiff contends that in order to show that the complaint seeks to enforce a multiplicity of remedies, the facts alleged as constituting the fraud and mistake in obtaining the real property are treated by defendant "as independent, substantive allegations upon which relief, independent of the fraud or mistake in obtaining the real property, is or may be sought," whereas it is claimed by plaintiff that he seeks only a decree that defendant holds the real property in trust, and that he be made to reconvey it to plaintiff for the benefit of the estate of Mrs. Andrews. We do not think the com-

plaint states a cause of action for an accounting as to the $75,000 alleged to have been received by defendant and of which he retained twenty-five per cent as a part of his fee; nor is it an action to recover personal property as contended by appellant; nor do we think the pleader intends to or can under the complaint, as it now stands, have the retention by defendant of this part of his fee brought in question. The substantial and only specific relief sought relates to the land deeded to defendant under the contract of arbitration. As the complaint now stands, plaintiff will be permitted only to show that the deed to the land in question is void, and evidence relating to other transactions will be admissible only so far as it may tend to establish that contention.

It is advised that the order be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          Van Dyke, J., Shaw, J., Angellotti, J.