[Sac. No. 2098. Department One.—November 30, 1914.]

## CHARLES L. DONOHOE, Respondent, v. W. J. ROGERS et al., Appellants.

VENUE—DETERMINATON OF CHARACTER OF ACTION FROM ALLEGATIONS OF COMPLAINT AND NATURE OF JUDGMENT.—The character of an action, when the proper place of trial is in question, must be determined from the allegations of the complaint, and from the character of the judgment which might be rendered against the defendants upon their default.

ID.—ACTION TO DECLARE TRUST IN REAL PROPERTY—PLACE OF TRIAL.— An action to have it determined that the defendants hold the legal title to certain real property in trust for the benefit of the plaintiff and themselves, under the terms and conditions of certain contracts set forth in the complaint, is an action for the determination of a right or interest in real property within the meaning of section 392 of the Code of Civil Procedure, providing that such action is to be tried in the county in which the subject of the action, or some part thereof, is situated.

ID.—PARTNERSHIP—LANDS HELD IN TRUST—ACTION TO DETERMINE.— Assuming that such contracts created a partnership between the parties as to the profits and losses that might arise in transactions contemplated thereby, there is no rule of law forbidding an action to have it determined that certain persons holding the complete legal title to land hold it in ·trust for the purposes of the partnership.

APPEAL from an order of the Superior Court of Glenn County refusing a change of venue. Wm. M. Finch, Judge.

The facts are stated in the opinion of the court.

Walter H. Linforth, and Linforth & Herrington, for Appellants.

Arthur C. Huston, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order of the superior court of Glenn County refusing to grant a motion of defendants for an order changing the place of trial of the action from the superior court of Glenn County to the superior court of the city and county of San Francisco.

Defendants were entitled to have the action transferred to the city and county of San Francisco, the place of their resi-

dence, if it does not fall within the purview of section 5 of article VI of the constitution, or section 392 of the Code of Civil Procedure. Whether it does or not is the question presented by this appeal.

Section 392 of the Code of Civil Procedure, provides that "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, . . .

1. For the recovery of real property, or of an estate or interest therein, *or for the determination in any form, of such right or interest,* and for injuries to real property." The precise question here is whether the action is one for the determination in any form, of an estate or interest in real property.

Admittedly, the character of the action must be determined from the allegations of the complaint, and from the character of the judgment which might be rendered against the defendants upon their default. (See *McFarland* v. *Martin,* 144 Cal. 774, [78 Pac. 239].)

The action was one to have it determined that the defendants hold the legal title to certain real property situate in Glenn County, for the benefit of plaintiff and defendants, under the terms and conditions of certain contracts set forth in the complaint.

The allegations of the complaint are substantially as follows: On December 8, 1908, plaintiff and defendant Rogers entered into an agreement in writing. This agreement recited that Rogers desired to invest forty thousand dollars in the purchase of lands in the Sacramento Valley, and that whereas plaintiff was familiar with such lands and with the local situation and was widely acquainted in that section of the state, he could be of great assistance in the purchase of said lands. Rogers agreed to furnish forty thousand dollars for such investment, the lands to be inspected and decided upon and agreed to by both parties before purchase. Plaintiff agreed to devote the necessary time to the selection of said lands, the obtaining of options, the rendition of any legal services that might be required in the purchase, handling or disposition of the lands, and the looking after and management of the said lands to a certain specified extent while the same were held by Rogers, without other compensation than was provided in the agreement. It was mutually agreed "that the title to said lands shall be taken and vested in the name

of W. J. Rogers'' and that Rogers "shall hold said lands so taken in his name, for the benefit of himself and the second party hereto (plaintiff) as hereinafter stated, and the respective interests of both parties hereto in and to said land shall be as follows.'' Rogers shall first receive from the proceeds of said land, whether as rental or from sales, all money furnished by him and seven per cent interest thereon, and the net profits received from rental or sale after such payment to Rogers shall be divided equally between the parties. All expenses connected with any lands so purchased, including taxes, shall be paid equally by the parties. Should a loss be sustained on any particular tract of land, the loss was to be "made up equally'' by the parties. It was further agreed that after lands are purchased, they shall be placed on the market for sale, on such terms and for said prices as Rogers should decide, provided that before any sale is made, Rogers shall submit the terms and conditions of the proposed sale to plaintiff for his approval, and in the event that he does not approve the same he shall have ninety days in which to take the land and pay Rogers all his "interest therein'' together with the profits Rogers would make on said proposed sale. The agreement was to remain in force as to lands purchased until the same are finally disposed of.

On March 11, 1909, an agreement in writing was entered into between plaintiff and defendant Central Pacific etc. Co., reciting the Rogers agreement, the purchase thereunder of certain land in Glenn County and the taking of the title thereto in the name of Rogers for the benefit of himself and plaintiff pursuant to said agreement, and the conveyance by Rogers to said company of the legal title to said lands. The company acknowledged and agreed that it took and holds said land subject to the terms of the Rogers agreement with plaintiff.

It was further alleged in said complaint "that pursuant to said contracts'' this land was purchased in the name of said Rogers, that the company holds the same subject to all the terms and conditions of said contracts for the benefit of plaintiff and defendants, and that defendants deny that any of said land is held by defendants or either of them pursuant to or under any of the terms and conditions of said agreements or either of them, or that plaintiff has any right, title or

interest in said lands, and that they assert that they are not so held.

The prayer of the complaint is for a judgment that defendants hold the legal title to all of said property for the benefit of plaintiff and defendants under the terms and conditions of said contracts, and that the rights of the parties be ascertained and adjudged.

We do not see that it is necessary to determine in this action whether or not the agreement between Rogers and plaintiff created a partnership between them as to the profits and losses that might arise in the transactions contemplated thereby. Whether the agreement was one of partnership, or one of employment (see *Coward* v. *Clanton*, 122 Cal. 451, [55 Pac. 147]), if real property purchased thereunder at once became and remains, while it is held unsold, encumbered in favor of plaintiff by the terms of the agreement, it would seem that the action here was one for the determination in some form of a right or interest in real property. Plaintiff's action is clearly one to obtain a judgment that defendants hold the land in trust for the purposes of the agreements. It is substantially alleged that the real property described in the complaint was purchased under and in pursuance of the agreement and is so held. If this be true, although standing in the name of Rogers, the property has been set apart for the purposes of the agreement, and Rogers and his codefendant are not the absolute and unqualified owners thereof, but hold the same as trustees for the benefit of plaintiff and themselves. If so purchased, plaintiff has the right to have the property disposed of only in accord with the terms of the agreement, and to share in the proceeds in the manner specified therein. It is distinctly specified in the agreement that land so purchased shall be held for the benefit of plaintiff and Rogers, with a view to the disposition of the proceeds in the manner provided, and an "interest" on the part of plaintiff in the land is expressly contemplated. Plaintiff is given the right to purchase any of the land himself at the price for which Rogers may propose to sell the land to any one else. It was substantially held in *Green* v. *Brooks*, 81 Cal. 328, [22 Pac. 849], that under the terms of a contract of similar character to the one here involved, where the person entitled to a portion of the net profits on the land was promised the same for certain services to be rendered in

connection with the proposed acquirement of the land, that such person was in effect one of the purchasers of the land, and that in equity he must be regarded as having such an interest in the land as entitled him to see to its proper disposition in accordance wth the contract. This was said in response to the claim that such person had no "interest" in the real estate, but only a right to share in the profits. The action was one to declare a trust in land unsold, as well as to obtain an accounting for lands already sold, and it was held that the person holding the legal title "was properly held by the judgment of the court below as a trustee." We see no distinction material here between this case and the case at bar. The allegation that the land was purchased "pursuant to said contracts" sufficiently shows, for all present purposes, compliance by plaintiff with his part of the contract.

*Coward* v. *Clanton,* 79 Cal. 23, [21 Pac. 359], relied upon by defendants, was an action for the plaintiff's share of the profits provided for by a contract which had been realized by a sale of land acquired under the contract. The controversy was as to the profits claimed to have been realized. Conceding for the purposes of the appeal that the contract showed a partnership formed for the object of dealing in real estate, in response to a claim that the contract was void because not in writing, the court held that such a partnership could be formed by a contract resting in parol, saying that such a contract, "as between the parties does not in any way affect the title to real estate, nor does the present controversy involve any such question." In *Bates* v. *Babcock,* 95 Cal. 479, [29 Am. St. Rep. 133, 16 L. R. A. 745, 30 Pac. 605], relied on by defendants, in reply to the defense of the statute of frauds, it was held that a partnership may be formed for the purpose of buying and selling land without a writing —that such a partnership may be formed in the same mode as any other partnership, and that its existence may be established by the same character of evidence. But it was further substantially said in the opinion that though such partnership agreement does not of itself create any interest or estate in land, yet by the subsequent acts of the parties, rights are acquired in reference to land purchased in pursuance of the agreement, which a court of equity will protect by raising an equity superior to the legal title and controlling the legal title in subordination thereto.

The language that we have quoted from section 392 of the Code of Civil Procedure, is very broad, and there can be no question as to its including an action to declare a trust in real estate, where land is the exclusive subject matter of the litigation. (See *Booker* v. *Aitken,* 140 Cal. 471, [74 Pac. 11]; *McFarland* v. *Martin,* 144 Cal. 771, [78 Pac. 239].) The cases cited by defendants in this regard are all cases in which real and personal actions were joined, and it is well settled that a plaintiff cannot deprive a defendant of his right to a trial of a personal action in the county of his residence, by uniting in his complaint a cause of action for the recovery of or the determination of an interest in real property.

Assuming for the purposes of this decision that the agreement between Rogers and plaintiff created a partnership between them as to the profits and losses that might arise in transactions contemplated thereby, we know of no rule of law forbidding the action before us, an action simply to have it determined that certain persons holding the complete legal title to certain land hold it in trust for the purposes of the partnership. The rule prohibiting certain kinds of actions by one partner against another based on claims growing out of the partnership transactions does not go so far as to prohibit the action we have before us. In *Traphagen* v. *Burt,* 67 N. Y. 30, an action by a copartner to establish the character of certain realty as partnership property, and to compel a conveyance to him of his interest, where the property had been acquired in the name of the other partner, was sustained, the court saying: "There is no force in the objection urged that the action should have been for a dissolution of the firm and an accounting."

This action is not one to quiet title, and does not fall within the rule laid down in such cases as *Von Drachenfels* v. *Doolittle,* 77 Cal. 295, [19 Pac. 518]. On the pleadings it is clearly an action to have it decreed that defendants hold certain property in trust for the benefit of plaintiff and themselves, as their respective rights are declared in certain contracts.

We find no other matter in the briefs that requires notice.

The order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.