[Civ. No. 1413.   Third Appellate District.—November 29, 1915.]

## J. R. TERRY, Appellant, v. RIVERGARDEN FARMS COMPANY (a Corporation), et al., Respondents.

PLACE OF TRIAL—RESCISSION OF CONTRACT OF SALE OF REAL PROPERTY— FRAUD—RECOVERY OF MONEY PAID.—An action to rescind a contract for the sale of real property and to recover the money paid thereunder on the ground of fraud is not an action for the determination of some right or interest in real estate within the meaning of section 392 of the Code of Civil Procedure, and is properly transferred to the county of the residence of the defendant upon motion therefor duly made.

ID.—NATURE OF ACTION—RELIEF UPON DEFAULT.—The nature of an action is to be determined from the allegations of the complaint and the character of the judgment which might be rendered upon default.

ID.—JOINDER OF REAL AND PERSONAL ACTION—VENUE.—When a real and personal action are joined, the case may be transferred to the residence of the defendant.

ID.—ACTION TO RESCIND CONTRACT OF SALE—MONEY JUDGMENT AGAINST CODEFENDANT—VENUE.—An action to rescind a contract of sale of real estate and to recover the money paid thereunder brought against two defendants, one of whom was not a party to the contract and only liable to a money judgment, is properly transferred to the county of the residence of such defendant.

APPEAL from an order of the Superior Court of Yolo County changing the place of trial of an action. W. A. Anderson, Judge.

The facts are stated in the opinion of the court.

A. G. Bailey, for Appellant.

Arthur C. Huston, and Harry L. Huston, for Respondents.

BURNETT, J.—This appeal is from an order of the superior court of Yolo County granting a motion for a change of venue to the city and county of San Francisco. Appellant's attack upon the order is based upon the assumption that the action is for the determination of some right or interest in real estate within the meaning of section 392 of the Code of Civil Procedure.

Manifestly, the nature of the case is determined from the allegations of the complaint and the character of the judgment which might be rendered upon default. (*McFarland* v. *Martin,* 144 Cal. 771, [78 Pac. 239].)

It appears from the complaint that the action is one of rescission based upon the ground of fraud. Attached to the complaint is a copy of a contract entered into between the defendant Rivergarden Farms Company and the plaintiff Terry. It seems that Stine & Kendrick, the other defendant, executed the said contract as attorney in fact for their co-defendant. The contract is in the usual form for the sale and purchase of real estate.

The complaint sets forth that certain false and fraudulent representations as to the character and condition of the land were made by the defendants, and it concludes with this prayer: ''That the said contract of sale, between plaintiff and defendants for the purchase and sale of said farms Nos. 603 and 604 aforesaid, be canceled and declared to be not binding on this plaintiff; that it be adjudged that defendants repay plaintiff the sum of $2,172.12 cash gold coin of the United States with interest thereon from the said month of November, 1913, at the legal rate; that plaintiff have his costs herein accrued and for such other relief as may be proper and equitable in this cause.''

As is apparent, the specific relief prayed for is the cancellation of the contract and a money judgment against the defendants. It is equally apparent that the main relief is the recovery of the sum of $2,171.12 in money, the cancellation of the contract being merely incidental to that consideration. No lien is claimed upon any property, nor is any right or interest in real property sought to be adjudicated. Manifestly, the judgment will not in any way affect the title to real property. To constitute a real action it must, of course, appear that title or interest in real property is involved. (*Clark* v. *Brown,* 83 Cal. 184, [23 Pac. 289]; *Hammond* v. *Ocean Shore Development Co.,* 22 Cal. App. 167, [133 Pac. 978].) Moreover, if we should admit that the action does concern real property in the sense of said section 392 of the Code of Civil Procedure, it is entirely clear that to the extent at least of said money judgment demanded it is a personal action, and when a real and personal action are joined, the case may be transferred to the residence of the defendant.

(*Smith* v. *Smith*, 88 Cal. 572, [26 Pac. 356]; *Warner* v. *Warner*, 100 Cal. 11, [34 Pac. 523]; *Donohoe* v. *Rogers*, 168 Cal. 700, [144 Pac. 958].) In the last of these it is said: "The language that we have quoted from section 392 of the Code of Civil Procedure is very broad, and there can be no question as to its including an action to declare a trust in real estate, where land is the exclusive subject matter of the litigation. (See *Booker* v. *Aitken*, 140 Cal. 471, [74 Pac. 11]; *McFarland* v. *Martin*, 144 Cal. 771 [78 Pac. 239].) The cases cited by defendants in this regard are all cases in which real and personal actions were joined, and it is well settled that a plaintiff cannot deprive a defendant of his right to a trial of a personal action in the county of his residence, by uniting in his complaint a cause of action for the recovery of or determination of an interest in real property."

The cases cited by appellant are easily distinguished, as is made apparent by a brief recital of the important facts therein.

*Sloss* v. *De Toro*, 77 Cal. 129, [19 Pac. 233], was an action in which a decree revesting the title was sought. The cancellation of a fraudulent sale was demanded and the reinvestment of the title to the land in plaintiff.

In *Franklin* v. *Dutton*, 79 Cal. 605, [21 Pac. 964], the plaintiff prayed for a reformation of a written contract of sale, and it was decided that the action was "for the determination of a right or interest in real estate." There is a palpable difference between an action to reform a contract of sale of real estate and thus continue it in operation as a claim against the property, and where such relief is the only judgment sought, and an action like this to rescind such contract and to recover back the consideration paid.

In *Herd* v. *Tuohy*, 133 Cal. 55, [65 Pac. 139], it was not decided whether the action was a real action, it being declared by the supreme court: "An action to set aside a deficiency judgment improperly rendered in another county in a foreclosure suit upon *ex parte* application, after the right thereto had been lost by the decree, is within the equity jurisdiction of the superior court of the county in which the improper deficiency judgment was levied upon the land of the plaintiff. If such action is a real action, under section 392 of the Code of Civil Procedure, it is brought in the proper county, and if not, the jurisdiction of the court is not affected by the

right of the defendant to change the place of trial, and if he fails to demand the transfer, he waives objection to the venue.''

The local nature of the action of *Grocers' etc. Union* v. *Kern etc. Co.*, 150 Cal. 466, [89 Pac. 120], is clearly set forth in this quotation: ''An action by a purchaser for a specific performance of a contract for the sale of land, and to compel a conveyance under an allegation that the purchase price has been paid, pursuant to agreement, from the proceeds of sales of fruits and lands made by defendant, for which proceeds an accounting is sought, with judgment for a surplus alleged, is in its nature an action to determine a right or interest in real property under subdivision 1 of section 392 of the Code of Civil Procedure, which, wherever commenced, must be tried, upon demand by the defendant, in the county where the land is situated. The accounting of profits to determine payment of the purchase money and to obtain judgment for any surplus is merely incidental to the real cause of action and relief sought, and does not change the nature of the action.''

*Hannah* v. *Canty*, 1 Cal. App. 225, [81 Pac. 1035], had for ''its sole object to establish and enforce a trust in land,'' and, of course, was a local action.

*Robinson* v. *Williams*, 12 Cal. App. 515, [107 Pac. 705], was ''an action to cancel a contract of purchase for nonpayment as provided, and to declare the payments made to belong to the plaintiff, and to have it determined that defendant has no right, title, or interest in and to any of the lands and premises described in the contract, and that plaintiff is the owner and entitled to the possession thereof,'' and was therefore correctly held to involve the determination of a right or interest in real property.

*Bartley* v. *Fraser*, 16 Cal. App. 560, [117 Pac. 683], did not call for a determination of the question whether the action was local or personal, since, as the court said, ''in either event it was properly transferred to Mariposa county for trial.''

There is this further to be said that, as far as the action against Stine & Kendrick is concerned, it is clearly one for a money judgment in consequence of fraudulent representations. They were not a party to the contract of sale, and the

action against them is not remotely connected with any interest in real property.

Assuming, then, for the sake of argument, that the action against the other defendant involves an interest in real estate, the plaintiff cannot thereby deprive Stine & Kendrick of their right to a trial of a personal action in the county of their residence. (*Griffin & S. Co.* v. *Magnolia & H. F. C. Co.*, 107 Cal. 378, [40 Pac. 495].) And the fact is that the change of the place of trial was made upon the motion of said Stine & Kendrick and to the place of their residence.

For additional authority we may cite *Samuel* v. *Allen*, 98 Cal. 406, [33 Pac. 273]; *Gallup et al.* v. *Sacramento & San Joaquin Drainage Dist.*, 171 Cal. 71, [151 Pac. 1142]; *Anaheim O. F. Hall Assn.* v. *Mitchell*, 6 Cal. App. 431, [92 Pac. 331].

We think the order was correctly made, and it is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.