[Civ. No. 8402. First Appellate District, Division Two.—April 28, 1932.]

BENJAMIN B. STANLEY, Respondent, v. CECELIA R. BARNEY et al., Appellants.

Owen D. Richardson and Donald B. Richardson for Appellants.

Eldon B. Spoffard for Respondent.

TUTTLE, J., *pro tem.*—This is an appeal from an order denying a motion for change of venue.

The complaint alleges that Lydia H. Barney died on January 6, 1927, leaving no issue, and that no administration has been had upon her estate; that plaintiff is the grandson of decedent and an heir at law; that defendants are granddaughters of decedent; that about a month prior to her death, decedent deeded certain real property in the city and

county of San Francisco and the county of San Mateo to appellants herein; that at said time decedent was mentally incapable of transacting business; that the consideration recited in the deed was grossly inadequate; and that the execution of the deed was induced by the fraudulent acts and representations of defendants (which are particularly set forth). It is prayed that the deed be annulled, that defendants be ordered to surrender the same, and that plaintiff have such other relief as may be just in the premises.

Section 392 of the Code of Civil Procedure provides in part as follows:

"Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property."

It has been held that the foregoing section is very broad, and that it includes an action to declare a trust in real property. (*Donohoe* v. *Rogers,* 168 Cal. 700 [144 Pac. 958].) It has been construed to cover an action for the reformation of a written contract for the sale of real property (*Franklin* v. *Dutton,* 79 Cal. 605 [21 Pac. 964]), and an action for the specific performance of a contract for the sale of land (*Grocers' etc. Union* v. *Kern etc. Co.,* 150 Cal. 466 [89 Pac. 120]).

There are two cases in California which are very similar to the instant case, and both of these support the action of the trial court here. The first is *Sloss* v. *De Toro,* 77 Cal. 129 [19 Pac. 233, 234]. There it was sought to set aside a sale of real property made by an administrator upon the ground of fraud arising out of the connivance between him and the purchaser. The land was situated in San Diego County, and the action was commenced there. Defendants resided in Los Angeles County, and moved for a change of venue. An appeal was taken from the order denying the motion. In passing upon the application of the code section quoted, the court said:

"The question then is, did this action require the *determination in any form,* of a right or interest in real property?

"It seems to us that it did. The main purpose of the action evidently was to have an alleged fraudulent sale of land set aside, and the title revested in its former owners. This purpose could only be accomplished by showing, first, that the plaintiff had an estate or interest in the land, and second, that the defendants had wrongfully tried to deprive him of that interest. If the action had been ejectment or to quiet title, it would not more clearly have required a determination as to plaintiff's right or interest in the property."

The second case is that of *Booker* v. *Aitken*, 140 Cal. 471 [74 Pac. 11]. That was an action brought by an executor to have it decreed that defendant held certain real property in trust upon the ground that it was procured from the decedent through fraud. The real property was in San Luis Obispo County, and the action was commenced there. Defendant resided in the city and county of San Francisco, and moved for a change of venue to that place. The Supreme Court, through Chipman, Commissioner, held that the action came within the provisions of the code section cited, and sustained an order denying the motion.

Appellants rely upon the case of *Reid* v. *Kerr*, 64 Cal. App. 117 [220 Pac. 688, 690], which was decided by this court. There an action was brought to cancel a deed on account of fraud. The land was situated in a county other than that where the action was commenced. No motion for change of venue was made. The point was raised in this court that the action should have been tried in Contra Costa County, where the real property was situated, and that the Superior Court of Alameda County had no jurisdiction under section 5, article VI, of the Constitution. The latter provision relates solely to the place where an action may be *commenced*, and covers only "all actions for recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate". When this court stated that "such an action is transitory and is not governed by the section cited from the Constitution", it was referring solely to the constitutional provision, and the code section governing the place of trial was not under consideration. The latter is far more broad and comprehensive than the constitutional provision.

While it may be true, as appellants contend, that the relief which might be granted under the complaint would

operate *in personam*, we are of the opinion that the action *would determine, in some form, the right or interest of plaintiff in the real property.* The court would be called upon to determine whether or not plaintiff was an heir of the decedent grantor. As such an heir he had the right, in the absence of administration, to attack the transfer. (9 Cal. Jur. 212.) Thus his interest was an issue. To say that the real property was not the subject of the action would be to indulge in a mere quibble. It is a direct attack upon the title.

Our conclusion is that the action comes within the provisions of the code section in question, and that the proper place of trial is the city and county of San Francisco.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.