[Sac. No. 4604. In Bank.—February 6, 1933.]

MARY E. ECKSTRAND, Respondent, v. MILLIE WILSHUSEN, Appellant.

Cushing & Cushing, Mahan & Mahan and Everett S. Layman for Appellant.

J. Logan Beamer for Respondent.

SHENK, J.—This is an appeal by the defendant from an order denying her motion for a change of place of trial.

The action was commenced in the county of Humboldt. In due time the defendant appeared, filed a demurrer and moved to transfer the cause to the city and county of San Francisco on the ground that she was a resident of said city and county. The motion was denied. The question is whether the action on the record presented is local or transitory.

It is conceded that the real property, described in the complaint herein, is situated in Humboldt County and that the residence of the defendant is in the city and county of San Francisco. In order to determine whether the action is local or transitory it is necessary to ascertain the true character of the action as disclosed by the complaint,

and the character of the judgment which might be rendered upon a default thereto. (*Grocers' etc. Union* v. *Kern etc. Co.,* 150 Cal. 466 [89 Pac. 120]; *McFarland* v. *Martin,* 144 Cal. 771 [78 Pac. 239]; 25 Cal. Jur., p. 855.) ▆ When local and transitory actions are joined in the same complaint, the action is regarded as transitory so far as the right of the defendant to the place of trial is concerned, and any ambiguities must be resolved against the pleader and in favor of the defendant's right. (*Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744]; 25 Cal. Jur., p. 858.)

In substance the complaint alleges: That in 1920 the plaintiff executed a deed purporting to convey to the defendant certain lands in Humboldt County; that at the time of its execution it was agreed in writing between the plaintiff and the defendant that in consideration of the execution of the deed the defendant would support the plaintiff during the remainder of her natural life; and that upon the plaintiff's death the defendant would make certain disposition of the property; that when the deed was executed and delivered it was agreed that the defendant would not record the deed prior to the death of the plaintiff; that since the execution and delivery of said deed the defendant has wholly failed to support the plaintiff and that the defendant, contrary to her agreement, recorded the deed; that prior to and at the time of the execution of said deed the defendant falsely and fraudulently represented to the plaintiff that if the plaintiff would execute and deliver said deed to the defendant, the latter would support and maintain the plaintiff during the remainder of her natural life, and would not record said deed until after the plaintiff's death; that the plaintiff believed and relied upon said false and fraudulent representations and promises and but for the same would not have executed and delivered the deed. The plaintiff prayed that said deed be "declared null and void and of no effect, and that the title to the lands and premises therein mentioned revert to the plaintiff as her estate in fee simple"; and for costs and general relief.

▆ From an examination of the complaint we are satisfied that the substantial nature of the action (see *State* v. *Royal Consolidated Min. Co.,* 187 Cal. 343, 351 [202 Pac. 133]) is to cancel a deed on the ground of fraud and to compel a reconveyance to or a reverting of the title in the

plaintiff, and that such would be the only relief which could have been granted if the defendant had defaulted. Questions as to the legal sufficiency of the complaint to accomplish the purpose intended do not properly arise on the motion (*Lefurgey* v. *Prentice,* 36 Cal. App. 338 [171 Pac. 1080]), or on this appeal. Those questions are for the trial court to determine. It is enough here to say that the action is local as contemplated by section 5 of article VI of the Constitution and subdivision 1 of section 392 of the Code of Civil Procedure.

It is insisted by the defendant that there are joined in the complaint matters which form the subject of a personal action; that it is the rule that such matters may not be included with matters which form the subject of a local action and deprive the defendant of the right to have the case tried in the county in which she resides, relying on *Booker* v. *Aitken,* 140 Cal. 471 [74 Pac. 11], and other cases to like effect. The rule is as stated, but we cannot agree that it is applicable to this case. The principal basis for making the point is the prayer for general relief. But under the allegations of the complaint and in view of the particular relief sought we cannot give the prayer for general relief the significance sought to be accorded to it by the defendant. (*McFarland* v. *Martin,* 144 Cal. 771 [78 Pac. 239].)

The order is affirmed.

Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.