HEINECKE, APPELLANT, v. SCOTT ET AL., RESPONDENTS.

(No. 7,148.)

(Submitted October 3, 1933.  Decided October 18, 1933.)

[26 Pac. (2d) 167.]

*Mr. C. A. Spaulding,* for Appellant, submitted a brief and argued the cause orally.

202

*Mr. M. L. Parcells,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from an order changing the place of trial. The action was commenced in Lewis and Clark county, and, upon application of some of the defendants, was transferred to Stillwater county.

The complaint sets forth that plaintiff is the owner of certain described lands in Stillwater county; that in June, 1931, A. C. Johnson entered into a written contract in Lewis and Clark county with defendant L. G. Scott for the sale by Johnson to Scott of a parcel of land situated in Columbus, Stillwater county; that payments on the purchase price were by the contract made payable, and were actually paid, in Lewis and Clark county; that, when the contract was made, Johnson executed a deed to Scott, which was deposited in escrow to be delivered in Lewis and Clark county to Scott on the payment of the full purchase price; that, in drafting the contract of sale and the deed, through inadvertence there was included in the

property described in both instruments plaintiff's property specifically described in the complaint, which was not purchased by defendant Scott and was not intended to be purchased by him; that, when the full purchase price was paid by Scott, the deed was delivered to him in Lewis and Clark county, and was by him placed of record in Stillwater county; that at the time of the execution of the contract and deed, and at the time of the delivery of the deed, Johnson did not know that the instruments included plaintiff's property, and this fact was not discovered until November 5, 1932; that, when the instruments were executed, defendant Scott knew that the inclusion of plaintiff's land was an inadvertence, and that it was not intended by the parties to the instruments that they should cover plaintiff's land; that Scott knew at that time that plaintiff, and not Johnson, was the owner of the lands described in the complaint and included in the contract and deed; that the conveyance was wholly without consideration; that on September 1, 1931, plaintiff entered into a written contract for the sale by him, and the purchase by defendants E. T. and Thomas Mulvihill, of the lands belonging to plaintiff and so described in the contract and deed executed by Johnson to Scott; that defendants conspired and confederated to cast a cloud upon, and secure ostensible title to, plaintiff's land, and in furtherance of such conspiracy caused the deed from Johnson to Scott to be placed of record in Stillwater county; that defendants L. G. Scott and his wife, Celeste Scott, immediately thereafter executed and delivered to defendant Ellen Mulvihill a deed to the property of plaintiff, and caused the deed to be recorded in Stillwater county; that the last-mentioned deed was executed without consideration and for the purpose of carrying out the conspiracy and fraudulent design and casting a cloud upon and obtaining ostensible title to plaintiff's property; that, at the time of the deed from defendants Scott to Ellen Mulvihill, defendants knew that neither L. G. Scott nor his wife had any right, title or interest in or to the property described; that defendant Thomas Mulvihill made certain payments under the contract entered into by him with plaintiff,

but discontinued further payments after the execution and delivery of the deed by L. G. and Celeste Scott to Ellen Mulvihill; that Ellen Mulvihill, in furtherance of the conspiracy and fraudulent confederation, threatens to and will, unless restrained, fraudulently transfer the property to someone having no knowledge of the facts. It is alleged that the acts of defendants have cast a cloud upon plaintiff's title.

The prayer is (1) that the deed from Johnson to Scott be reformed to eliminate therefrom plaintiff's property, and that the records in the office of the county clerk of Stillwater county be corrected accordingly; (2) that the deed from the Scotts to Ellen Mulvihill be canceled and expunged of record; (3) that defendants Ellen Mulvihill and L. G. and Celeste Scott be enjoined and restrained from asserting any claim in, or title to, plaintiff's property described, and from transferring or conveying the same or any interest therein; (4) for such other relief as the court deems meet and equitable.

Defendants filed separate general demurrers to the complaint. Defendants Mulvihill filed a motion for change of venue to Stillwater county, asserting as grounds therefor that each and all the defendants are residents of Stillwater county, where they were served with summons, that the convenience of witnesses and the ends of justice would be promoted by the change sought, and that the complaint seeks relief affecting title to real estate situated in Stillwater county. The motion was supported by affidavit showing that defendants were served with summons in Stillwater county, where they all reside. The affidavit also set forth matters designed to show that the convenience of witnesses would be promoted by the change sought. The contents of the affidavit in this respect, at this stage of the case, are immaterial; no answer having been filed. (*Dawson* v. *Dawson*, 92 Mont. 46, 10 Pac. (2d) 381.)

Plaintiff's contention is that the action is one grounded upon tort committed in Lewis and Clark county, and that in consequence it is properly triable there, under section 9096, Revised Codes 1921, as construed by this court in a

number of cases. Defendants contend, and the court found, that the action is one affecting title to real estate, and that it must be tried in the county where the property is situated.

Plaintiff's complaint as against defendant Scott is to reform the contract and deed, and to have the record in Stillwater county corrected accordingly. It proceeds upon the ground of mistake by one party to the contract, of which the other knew, and is based upon section 8726 of our statute. Plaintiff's view is that the action is grounded upon fraud committed in Lewis and Clark county, and that the relief, so far as it affects the real estate, is merely incidental.

We agree with the trial court that the action is one governed by section 9093, which in part provides: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in this code: 1. For the recovery of real property, or of an estate or an interest therein, or for the determination, in any form, of such right or interest, and for injuries to real property."

In part, at least, the action is one to remove a cloud on title. Such an action is *in rem* (*Largo Land Co.* v. *Skipper*, 98 Fla. 541, 123 So. 915), and is one to quiet title. (5 R. C. L. 634.) It is so denominated by our statute (sec. 9479, Rev. Codes 1921), and must be tried in the county where the property is situated (sec. 9479, supra; sec. 8831, Id.; sec. 11, Art. VIII, Const.).

Analogous cases reach the same conclusion. Thus an action to reform a deed has been held to be local, and must be tried where the real estate is situated. (*Franklin* v. *Dutton*, 79 Cal. 605, 21 Pac. 964; *Cohen* v. *Hellman Commercial Trust & Savings Bank*, (Cal. App.) 24 Pac. (2d) 960; *Nunnally* v. *Holt*, (Tex. Civ. App.) 1 S. W. (2d) 933.) And the weight of authority supports the view that an action to set aside a transfer of realty as in fraud of creditors must be brought in the county where the land is located. (27 R. C. L., p. 793, note 10; *Gem City Acetylene Generator Co.* v. *Coblentz*, 86

Ohio St. 199, 99 N. E. 302, Ann. Cas. 1913D, 660; *Murchison Nat. Bank* v. *Broadhurst*, 197 N. C. 365, 148 S. E. 452.)

And it has been held under a statute identical with our section 9093 that an action to set aside a sale of real estate on the ground of fraud must be tried in the county where the real estate is situated. (*Sloss* v. *De Toro*, 77 Cal. 129, 19 Pac. 233; *Stanley* v. *Barney*, 123 Cal. App. 139, 10 Pac. (2d) 1022; *Booker* v. *Aitken*, 140 Cal. 471, 74 Pac. 11; *Dickerson* v. *Oliphant*, 160 S. C. 288, 158 S. E. 546; *Eckstrand* v. *Wilshusen*, 217 Cal. 380, 18 Pac. (2d) 931.) The case of *Zane* v. *Vawter*, 102 Kan. 887, 172 Pac. 37, reaches a contrary conclusion in part, but even in it the court said: "So far as the relief sought is the setting aside of the deed, * * * the action is local." In that case it was held that, since the complaint asked for such equitable relief as plaintiff was entitled to, and since under the complaint the defendant could be compelled to execute a deed to plaintiff, the action was *in personam* and not *in rem*. That case is not controlling here, for in this state, contrary to the holding in the *Zane Case*, if the complaint contains more than one cause of action, on one of which defendant is entitled to a change of venue, the motion must be granted; though the other cause or causes of action may be properly triable where the action was commenced. (*Yore* v. *Murphy*, 10 Mont. 304, 25 Pac. 1039; *Bond* v. *Hurd*, 31 Mont. 314, 78 Pac. 579, 3 Ann. Cas. 566; *State ex rel. Stephens* v. *District Court*, 43 Mont. 571, 118 Pac. 268, Ann. Cas. 1912C, 343; *Woodward* v. *Melton*, 58 Mont. 594, 194 Pac. 154; *Stewart* v. *First Nat. Bank*, 93 Mont. 390, 18 Pac. (2d) 801.)

Were we to concede that as to defendants L. G. and Celeste J. Scott the action is one which may properly be tried in Lewis and Clark county, and were we to hold that as to them the action is transitory and not local, yet this would not be ground for denying to defendants Mulvihill their right to have the action tried in the county of their residence and where all the defendants reside, since there is no allegation in

the complaint that defendants Mulvihill committed any tort in Lewis and Clark county. Under such circumstances they are entitled to have the action tried in the county of their residence. (*Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515, 274 Pac. 977.)

The court properly ordered the cause transferred to Stillwater county for trial. The order is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.