[L. A. No. 19419. In Bank. Mar. 22, 1946.]

FRANK KALUZOK et al., Respondents, v. JOSEPH G. BRISSON et al., Appellants.

Walker & Horn and M. W. Horn for Appellants.

Sarau, Thompson & Colegate for Respondents.

SHENK, J.—This is an appeal from an order denying a motion for a change of place of trial.

The action was commenced in Riverside County. The motion was for a change of venue to Los Angeles County on the ground that the defendants were residents of that county. On the hearing of the motion it was conceded that the individual defendants are residents of Los Angeles County and that the corporate defendant has its principal place of business in that county. However, the real property described in the complaint is situated in Riverside County. The question is whether the action is local (Code Civ. Proc., § 392, subd. 1) or transitory (Code Civ. Proc., § 395, subd. 1). If it is local the motion was properly denied. If it is transitory the defendants are entitled to have it tried in Los Angeles County.

To decide the question it is necessary to determine the nature of the action as disclosed by the complaint, and the scope of the judgment which might be entered on default (*Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557] ; *Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 P.2d 931] ; *Grocers' Fruit Growing Union* v. *Kern County Land Co.,* 150 Cal. 466 [89 P. 120] ; *McFarland* v. *Martin,* 144 Cal. 771 [78 P. 239]).

It appears from the complaint that the defendants were the owners of certain described real property in Riverside County; that with intent to deceive and defraud plaintiffs and to induce them to purchase the property, the defendants knowingly made certain representations concerning the property which were relied on by the plaintiffs; that defendants knew that plaintiffs relied on the representations; that the representations were false and untrue in the particulars set forth; that at the time the representations were made, and at the time of the purchase, plaintiffs did not know of the falsity of the representations; that in reliance on those representations, plaintiffs were induced to purchase the real property, together with certain tools and equipment, for the sum of $55,000 for the realty and $1,000 for the personalty, and that plaintiffs would not have purchased except for the representations made; that on the purchase price $17,500 was paid in cash, and the balance was represented by a promissory note in the amount of $38,500 secured by a deed of trust wherein defendants Brisson were the beneficiaries and defendant trust company was trustee, and by a chattel mortgage as additional security wherein defendants Brisson were the mortgagees; that plaintiffs received a deed to the real prop-

erty and a bill of sale to the personal property; that plaintiffs have performed the terms and conditions of the promissory note, and are ready, willing and financially able to meet all obligations on their part to be performed; that the market value of the property at the time of the representations and of the sale was $35,000 and no more; and that by reason of the false and fraudulent representations plaintiffs have been damaged in the sum of $20,000. Plaintiffs prayed for judgment in the amount of $20,000, together with interest at five per cent from September 7, 1943, the date of the purchase and sale, and that all sums recovered by plaintiffs be ordered applied by the defendants upon the unpaid balance of the promissory note.

Two remedies are available to a vendee who has been induced to enter into a contract of purchase by the fraudulent representations of his vendor. First, the defrauded vendee may elect to affirm the contract, retain the property received under it, and sue the vendor for damages in an action for deceit. Secondly, the defrauded vendee may elect to rescind the contract for fraud, restore possession to the vendor, and recover the purchase money paid less the fair value of the use of the property during his occupancy. In addition, the defrauded vendee may set up either remedy by way of defensive relief where the vendor brings an action for the balance due or an action in ejectment. (*Kent* v. *Clark,* 20 Cal.2d 779 [128 P.2d 868, 142 A.L.R. 576]; *Nevada Land & Investment Corp.* v. *Sistrunk,* 220 Cal. 174 [30 P.2d 389].)

The gravamen of the present action is damages for deceit. By the action the plaintiffs did not elect to rescind the contract and restore the property to the defendants, thus effecting a reconveyance. Its purpose was not the cancellation of the deed or of the deed of trust. In electing the first remedy the plaintiffs seek an affirmance of the transaction and restitution to the extent of the damages suffered on account of the defendants' alleged fraud.

The right of a defendant to have an action brought against him tried in the county of his residence is an ancient and valuable right, safeguarded by statute and supported by a long line of decisions. The right of a plaintiff to have an action tried in a county other than that of the defendant's residence is exceptional. If the plaintiff would claim such right he must bring himself within the exception. (*Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515, 521-522

[274 P. 977]; *Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209].)

■ The venue of the action is determined by subdivision 1, section 395 of the Code of Civil Procedure which provides for the trial of the action in the county of the defendants' residence upon their demand. This is true unless the action falls within some exception to that general rule. The plaintiffs seek to bring themselves within the exception provided by subdivision 1, section 392 of the Code of Civil Procedure, reading in part as follows: "Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions:

"(a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property; . . ." If this action falls within the foregoing exception to the general rule, it is local and the position of the plaintiffs must be sustained. But it seems clear that it does not come within the exception and that the general rule should be applied. If the cause should proceed as upon the default of the defendants, the sole power of the court would be to find on competent evidence the extent to which the plaintiffs have been damaged and enter a money judgment against the defendants in that amount. The title to the real property would not be affected. That title remains in the plaintiffs as before, encumbered by the same deed of trust given to secure whatever sum the plaintiffs are in law obligated to pay the defendants. No interest in the real property is determined or affected. ■ The prayer of the complaint that the amount of damages awarded be ordered applied on the promissory note could not in any substantial sense result in a "determination in any form" of an interest in real property. It results merely in a reduction of the obligation represented by the promissory note. Such application of damages awarded is in harmony with cases involving executory contracts where the award was deducted from the unpaid part of the purchase price, or the unpaid part of the purchase price was deducted from the award, regardless of whether there was a prayer to that end. (*Paolini* v. *Sulprizio*, 201 Cal. 683 [258 P. 380]; *Hines* v. *Brode*, 168 Cal. 507 [143 P. 729]; *Palladine* v. *Imperial Valley F. & L. Ass'n*, 65 Cal.

App. 727 [225 P. 291]; *Pembrook* v. *Houston,* 41 Cal.App. 54 [181 P. 828].) In the case at bar the application would relate to the form of the recovery and be merely incidental to the main purpose of the action which is to recover a personal judgment for damages for fraud. Questions as to the legal sufficiency of the complaint do not properly arise on the motion or on this appeal. (*Eckstrand* v. *Wilshusen, supra,* 217 Cal. 380.)

Cases where it has been held that the action was local are cited by plaintiffs and claimed to be analogous. They involve such matters as cancellation of a deed (*Eckstrand* v. *Wilshusen, supra,* 217 Cal. 380; *Stanley* v. *Barney,* 123 Cal.App. 139 [10 P.2d 1022]), declaration of a trust in real property (*Donohoe* v. *Rogers,* 168 Cal. 700 [144 P. 958]; *Booker* v. *Aitken,* 140 Cal. 471 [74 P. 11]; *Hannah* v. *Canty,* 1 Cal. App. 225 [81 P. 1035]), an action to set aside an alleged fraudulent sale of real property (*Sloss* v. *De Toro,* 77 Cal. 129 [19 P. 233]), and reformation of a contract of sale of real property (*Franklin* v. *Dutton,* 79 Cal. 605 [21 P. 964]). These and like cases are not controlling.

We conclude that the pending action is transitory, and the order is therefore reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.